John M. Avondet, ISB No. 7438
Jared W. Allen, ISB No. 5739
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, ID  83404-7495
Telephone: (208) 523-5171
Facsimile: (208) 529-9732
Email: javondet@beardstclair.com
       allen@beardstclair.com

Attorneys for the Plaintiff, Nelson-Ricks Cheese Company, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation,<br><br>　　　　Plaintiff,<br>vs.<br><br>LAKEVIEW CHEESE COMPANY, LLC, a Nevada limited liability company,<br><br>　　　　Defendant. | Case No.: 4:16-cv-<br><br>COMPLAINT AND JURY DEMAND |

Nelson-Ricks Cheese Company, Inc. (NRCC) alleges as follows:

### PARTIES

1. The Plaintiff, Nelson-Ricks Cheese Company, Inc. is an Idaho corporation with its principal place of business in Sugar City, Idaho.

2. The Defendant, Lakeview Cheese Company, LLC (Lakeview), is a Nevada limited liability company with its principal place of business in Boulder City, Nevada.

### JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action pursuant to 15 USC § 1121, 28 USC § 1331, and 28 USC § 1338(a). This action arises under Sections 32 and 43

of the Lanham Act. Subject matter jurisdiction is also conferred on this Court by 28 USC § 1332(a) on the basis of diversity. The Court has supplemental jurisdiction over the factually-related state law claims in this dispute pursuant to 28 USC § 1367.

4. The Court has personal jurisdiction over Lakeview because, on information and belief, Lakeview has transacted business in Idaho and because Lakeview's misconduct giving rise to the lawsuit occurred, in part, within the District of Idaho.

5. Venue is proper before this Court pursuant to 28 USC § 1391(a) & (b) as the conduct giving rise to this action took place, in part, in the District of Idaho and some of the relevant potential witnesses are located within the District of Idaho.

## GENERAL ALLEGATIONS

6. NRCC is a provider of high quality cheese products, selling to customers throughout the United States.

7. In 2014, NRCC Asset Acquisition LLC, as buyer, contracted with Nelson Ricks Creamery Company, a Utah corporation, as seller, to purchase certain assets from Nelson Ricks Creamery Company. Included in the asset transfer to NRCC Asset Acquisition LLC was the transfer of the name Nelson Ricks Creamery Company.

8. NRCC Asset Acquisition LLC and Nelson Ricks Creamery Company agreed to the following provision in a Fourth Amendment to Real Estate Purchase Agreement and Escrow Instructions:

> Name. At the Close of Escrow, Seller will transfer to Buyer by a bill of sale ("**Bill of Sale**") all rights (together with all goodwill associated therewith and tangible embodiments thereof) to the name "Nelson Ricks Creamery Company" (collectively, the "**Name Rights**")." Following the Close of Escrow, Seller shall discontinue further use of the name "Nelson Ricks Creamery Company", except where legally required to identify Seller until its name has been changed to another name and, not later than fifteen (15) days after the Close of Escrow, shall file a certificate of amendment to its Articles of Incorporation or otherwise take such

corporate action as may be necessary to change the corporate name of Seller to "JA Nelson Holding Inc." or another name not including the word "Nelson Ricks" and otherwise having no visual or sound similarity to its present name. Further, after the Close of Escrow, Seller will discontinue all use of the names and marks included in the Name Rights transferred to Buyer, and will as promptly as possible, but in no event later than 180 days following the Close of Escrow, eliminate such names from all signs, purchase orders, invoices, sales orders, packaging stock, labels, letterheads, business cards, displays, signs, promotional materials, manuals, shipping documents and other materials used by Seller. Buyer hereby grants Seller a limited, nontransferable royalty free license to the Name Rights solely for the purpose of allowing Seller to carry out its foregoing obligations.

9. In November of 2012, Lakeview entered into an Asset Purchase Agreement with Nelson Ricks Creamery Company whereby Lakeview did acquire a significant portion of Nelson Ricks Creamery Company's assets; however, Lakeview did not acquire any Name Rights pertaining to Nelson Ricks Creamery Company as outlined above.

10. Certain trademarks were assigned by Nelson Ricks Creamery Company to Lakeview in 2012. Omitted from the assigned trademarks were any marks pertaining to the Nelson Ricks Creamery Company name itself.

11. NRCC Asset Acquisition LLC transferred the aforementioned Name Rights to Nelson-Ricks Cheese Company, Inc., the Plaintiff in this lawsuit.

12. On August 11, 2014, NRCC filed the word mark of "Nelson Ricks Creamery Company" with the United States Patent and Trademark Office for registration.

13. The word mark was published for opposition on February 3, 2015, and was subsequently registered with the USPTO on April 21, 2015. NRCC is the owner of U.S. Trademark Registration No. 4722805.

14. NRCC constantly seeks to associate in the minds of its distributors and the consuming public its image as a provider of quality cheese products. Given Nelson Ricks

Creamery Company's history, Trademark Registration No. 4722805 is designed to achieve and has achieved that end.

15. Only NRCC has the right to use or advertise as Nelson Ricks Creamery Company pursuant to Trademark Registration No. 4722805.

16. NRCC recently discovered that Lakeview advertises on the internet as Nelson Ricks Creamery Company. Lakeview's website, www.banquetcheese.com/about, prior to August 2016, and following NRCC sending Lakeview a cease and desist letter, stated:

> Banquet Cheese-Company Overview
>
> A Nelson-Ricks Creamery Company
>
> Nelson-Ricks Creamery Company was founded in 1907 with two spring delivery wagons, one horse and harness, and a registered brand name for butter. The production of cheese now accounts for the majority of the company's business. From Banquet, a pioneer producer and "The House That Built Jack," comes a marvelous variety of Monterey Jack Cheese.
>
> . . .
>
> Today, Nelson-Ricks Creamery Company produces a large variety of products offering the customer a full line of cheese items.
>
> The trend in the cheese industry has been to consolidate facilities, and from its original twelve plants, Nelson-Ricks today operates two efficient facilities: one in Utah and one in Idaho.
>
> Nelson-Ricks continues to grow through research and development of new products. We look forward to working with our customers and the many opportunities that lie ahead.

17. Lakeview changed this website after NRCC sent it a cease and desist letter in August 2016 to remove all references to Nelson-Ricks Creamery Company.

18. Business websites such as Bloomberg.com and Dun & Bradstreet listed and conflated Nelson-Ricks Creamery Company with Lakeview as recently as August 2016. In August 2016, Bloomberg.com listed Nelson-Ricks Creamery Company as being based in

Salt Lake City, Utah, identified Lakeview's phone number as the phone number for Nelson-Ricks Creamery Company, and also identified the address for Lakeview's Salt Lake City facility as Nelson-Ricks Creamery Company's address. Dun & Bradstreet's website listed the same information as of August 10, 2016.

19. In August 2016, Lakeview's controller, Tim LuCarelli, responded to NRCC's cease and desist letter by acknowledging the misinformation on the Banquet Cheese website, Bloomberg.com, and Dun & Bradstreet. LuCarelli stated that Lakeview did not intend on infringing on NRCC's trademarks but acknowledged that the websites contained information conflating Nelson-Ricks Creamery Company with Lakeview.

20. Irrespective of LuCarelli's statement of intent, by advertising to the consuming public that Nelson-Ricks Creamery Company and Lakeview were associated or affiliated with each other, Lakeview has infringed on NRCC's trademark rights.

21. Lakeview's use of the marks in commerce were likely to cause confusion in the marketplace as to the source or origin of products.

22. On information and belief, Lakeview knowingly and intentionally used the name Nelson-Ricks Creamery Company in an attempt to take unfair advantage of and trade off the reputation and goodwill associated with the name Nelson-Ricks Creamery Company, a name owned by NRCC. Lakeview has sought to reap what NRCC legitimately purchased in 2014.

23. NRCC has not approved of Lakeview's misuse or misappropriation of the mark.

24. Lakeview's actions demonstrate a violation of trademark laws, amounting to unfair competition and deceptive trade practices. These actions have resulted in a significant diversion of trade from NRCC to Lakeview. The natural and probable results of

Lakeview's conduct was the deprivation of commercial benefits of NRCC's trademarks, business opportunities, goodwill, and injured NRCC's relations with potential customers.

## COUNT ONE: TRADEMARK INFRINGEMENT UNDER SECTION 43(a)(1)(A) of the LANHAM ACT

25. NRCC realleges and incorporates by reference all foregoing paragraphs.

26. Lakeview has used in commerce words, terms, and names that are subject to federal trademark registrations owned by NRCC.

27. Lakeview has reaped commercial benefits from the misuses of NRCC's federally registered trademarks.

28. Lakeview's unlawful use of NRCC's federally registered trademarks were likely to cause confusion, mistake, or deception, as to whether Lakeview was affiliated, connected, or associated with NRCC and/or as to whether NRCC originated, sponsored, or approved of Lakeview's actions.

29. On information and belief, Lakeview's infringement on NRCC's federally registered marks did cause confusion, mistake, and deception as to Lakeview's affiliation with NRCC and/or whether NRCC originated, sponsored, or approved of Lakeview's actions.

30. By so acting, Lakeview violated Sections 32 and 43(a) of the Lanham Act (15 USC §§ 1114 & 1125(a)).

31. NRCC has been damaged by the wrongful conduct engaged in by Lakeview and in an amount to be established at trial.

32. Because Lakeview's conduct, on information and belief, were intentional, willful, and/or deliberate, NRCC is entitled to an award of treble damages under Section 35 of the Lanham Act (15 USC § 1117).

33. This is an exceptional case and NRCC is entitled to an award of its attorney fees under Section 35 of the Lanham Act (15 USC § 1117).

## COUNT TWO: COMMON LAW TRADEMARK INFRINGEMENT

34. NRCC realleges and incorporates by reference all of the foregoing paragraphs.

35. NRCC's mark is distinctive and possesses secondary meaning.

36. Lakeview's actions, as alleged above, infringe upon NRCC's common law trademark rights under federal common law, Idaho common law, and constitute acts of unfair competition.

37. By reason of the foregoing, NRCC is entitled to monetary damages in an amount to be established at trial against Lakeview. The infringing activities by Lakeview, on information and belief, were willful and intentional, thereby justifying an award of exemplary and/or punitive damages.

## COUNT THREE: UNFAIR COMPETITION

38. NRCC realleges and incorporates the by reference all of the foregoing paragraphs.

39. In taking the above actions, Lakeview has participated in unfair competition and unfair business practices. The actions, as alleged above, constitute misappropriation and infringement of NRCC's trademark rights, accompanying goodwill, and reputation under the Lanham Act, federal common law, and the common law of Idaho, and constitute acts of unfair competition.

40. As alleged above, NRCC has distinctive and protectable rights. Lakeview's actions caused a likelihood of confusion among consumers in the marketplace and therefore constitute unfair competition.

41. Lakeview's acts of infringement have cause damages and injury to NRCC for which NRCC must be compensated. Such infringing activities were willful and intentional, thereby justifying an award of exemplary damages.

## COUNT FOUR: UNFAIR METHODS AND PRACTICES (IDAHO CODE § 48-603)

42. NRCC realleges and incorporates by reference all of the foregoing paragraphs.

43. Lakeview's conduct, as alleged above, has caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Lakeview's goods or services.

44. Lakeview's conduct, as alleged above, has caused a likelihood of confusion or misunderstanding as to an affiliation, connection, or association between Lakeview and NRCC, or a certification by NRCC of Lakeview and their products.

45. Lakeview's conduct, as alleged above, has denied NRCC the opportunity to enjoy the benefits of ownership of the Nelson-Ricks Creamery Company mark, which ownership was lawfully granted to NRCC.

46. The foregoing conduct by Lakeview constitutes unfair methods and practices under Idaho Code Section 48-603.

47. NRCC is entitled to recover damages to fairly and reasonably by compensated for Lakeview's unlawful conduct.

## COUNT FIVE: UNJUST ENRICHMENT, DISGORGEMENT, CONSTRUCTIVE TRUST

48. NRCC realleges and incorporates the foregoing paragraphs by reference.

49. NRCC is informed and believes that Lakeview has generated and enjoyed substantial profits as a result of the wrongful conduct alleged above.

50. As a result of Lakeview's trademark infringement and unfair competition, NRCC has been damaged and Lakeview has been unjustly enriched.

51. To the extent of Lakeview's unjust enrichment, NRCC is entitled to disgorgement of all ill-gotten gains and is entitled to the imposition of a constructive trust over all property or money in Lakeview's control or possession as a result of the wrongful conduct.

## COUNT SIX: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

52. NRCC realleges and incorporates the foregoing paragraphs by reference.

53. NRCC had a valid economic expectancy in developing customer relationships and contracts with customers.

54. Lakeview knew that NRCC had an expectancy to develop customers and to enter into agreements with customers.

55. Lakeview intentionally interfered with NRCC's expectancy by diverting away NRCC customers and potential customers by infringing on NRCC's trademarks and information, including but not limited to the conduct alleged above.

56. Lakeview's conduct is the direct and proximate cause of NRCC's damages.

57. As a result of Lakeview's conduct, NRCC has suffered damages in an amount to be proved at trial.

58. NRCC has been required to retain Beard St. Clair Gaffney PA in order to protect its rights. NRCC is entitled to attorney fees and costs pursuant to statutes and rules.

## JURY DEMAND

NRCC demands trial by jury pursuant to Federal Rule of Civil Procedure 38 on all issues so triable.

## ATTORNEY FEES

NRCC has been required to retain Beard St. Clair Gaffney PA to protect its rights. NRCC is entitled to an award of costs, expenses, and reasonable attorney fees under applicable federal and state laws.

## PRAYER FOR RELIEF

WHEREFORE, NRCC prays for the following relief:

1. Entry of judgment for NRCC and against Lakeview in an amount to be established at trial;

2. Entry of an award of treble damages under the Lanham Act against Lakeview;

3. Entry of a judgment disgorging Lakeview of all ill-gotten gains to the extent of their unjust enrichment as a result of their wrongful conduct complained of in this Complaint and the imposition of a constructive trust upon any or all property and money that is in Lakeview's possession and control as a result of their wrongful conduct;

4. Awarding NRCC prejudgment interest at the rate established under 26 USC § 6621(a)(2) from the date of service of the Complaint through the date of judgment;

5. Awarding NRCC its costs, expenses, and reasonable attorney fees pursuant to applicable federal and state law.

6. Awarding NRCC any further relief as the Court deems just and equitable under the circumstances.

DATED: September 20, 2016

_____
John M. Avondet
Jared W. Allen
Of Beard St. Clair Gaffney PA
Attorneys for the Plaintiff