Teague I. Donahey (ISB# 9963)
Christopher C. McCurdy (ISB #8552)
HOLLAND & HART LLP
800 W. Main Street
Suite 1750
Boise, ID 83702-5974
Telephone: (208) 342-5000
Facsimile: (208) 343-8869
TIDonahey@hollandhart.com
CCMccurdy@hollandhart.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation, | ) ) ) | Case No. 4:16-cv-00427-BLW |
| Plaintiff, | ) ) | **DEFENDANT'S SECOND AMENDED ANSWER TO COMPLAINT** |
| v. | ) ) | |
| LAKEVIEW CHEESE COMPANY, LLC, a Nevada limited liability company, | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) | |

COMES NOW, Lakeview Cheese Company, LLC ("Lakeview"), by and through its counsel of record, and hereby answers the Complaint by admitting, denying and alleging as follows; and, except as otherwise provided below, Lakeview denies each and every allegation in the Complaint not specifically admitted below.

## PARTIES

1.      Lakeview lacks sufficient information to admit or deny the allegations of Paragraph 1 and, therefore, denies the same.

2.      Lakeview admits the allegations of Paragraph 2.

## JURISDICTION AND VENUE

3.      Paragraph 3 contains conclusions of law requiring no response.  To the extent the allegations of Paragraph 3 contain factual allegations relating to Lakeview and require a response, Lakeview denies the same.

4.      Paragraph 4 contains conclusions of law requiring no response.  To the extent the allegations of Paragraph 4 contain factual allegations relating to Lakeview and require a response, Lakeview denies the same.

5.      Paragraph 5 contains conclusions of law requiring no response.  To the extent the allegations of Paragraph 5 contain factual allegations relating to Lakeview and require a response, Lakeview denies the same.

## GENERAL ALLEGATIONS

6.      Lakeview lacks sufficient information to admit or deny the allegations of Paragraph 6 and, therefore, denies the same.

7.      Lakeview lacks sufficient information to admit or deny the allegations of Paragraph 7 and, therefore, denies the same.

8.      Lakeview lacks sufficient information to admit or deny the allegations of Paragraph 8 and, therefore, denies the same.

9.      In response to the allegations of Paragraph 9, Lakeview admits that Lakeview and Nelson-Ricks Creamery Company entered into an Asset Purchase Agreement in November 2012.  The Asset Purchase Agreement speaks for itself, and Lakeview denies any allegations inconsistent therewith.  Except as so admitted, Lakeview denies all other allegations in Paragraph 9.

10.     In response to the allegations of Paragraph 10, Lakeview admits that, in connection with the November 2012 Asset Purchase Agreement, Lakeview and Nelson-Ricks Creamery Company also entered into an agreement entitled Assignment of Trademarks.  The Assignment of Trademarks agreement speaks for itself, and Lakeview denies any allegations inconsistent therewith.  Except as so admitted, Lakeview denies all other allegations in Paragraph 10.

11.     Lakeview lacks sufficient information to admit or deny the allegations of Paragraph 11 and, therefore, denies the same.

12.     Lakeview lacks sufficient information to admit or deny the allegations of Paragraph 12 and, therefore, denies the same.

13.     Lakeview lacks sufficient information to admit or deny the allegations of Paragraph 13 and, therefore, denies the same.

14.     Lakeview lacks sufficient information to admit or deny the allegations of Paragraph 14 and, therefore, denies the same.

15.     Lakeview lacks sufficient information to admit or deny the allegations of Paragraph 15 and, therefore, denies the same.

16.     In response to the allegations in Paragraph 16, Lakeview admits that it maintains several websites, one of which is www.banquetcheese.com.  Lakeview further avers that www.banquetcheese.com/about is not, and has never been at any time since Lakeview acquired rights to the www.banquetcheese.com website from Nelson-Ricks Creamery Company, an active webpage of the www.banquetcheese.com website linked to any other webpage of that website or any other Lakeview website; rather, upon information and belief, www.banquetcheese.com/about constituted a test webpage that may have been used by Nelson-

Ricks Creamery Company before Lakeview acquired the rights to the www.banquetcheese.com website. Lakeview further admits that John M. Avondet of the Beard St. Clair Gaffney law firm sent Lakeview a letter dated August 22, 2016 in which Mr. Avondet asserted that he represented NRCC. The August 22, 2016 letter speaks for itself. Except as so admitted, Lakeview denies all other allegations in Paragraph 16.

17.     In response to the allegations in Paragraph 17, Lakeview incorporates by reference its response to Paragraph 16. Lakeview further admits that, in August 2016, after Mr. Avondet called Lakeview's attention to the www.banquetcheese.com/about test webpage, Lakeview had its website manager modify www.banquetcheese.com/about so that there was no longer any reference to Nelson-Ricks Creamery Company. Except as so admitted, Lakeview denies all other allegations in Paragraph 17.

18.     In response to the allegations in Paragraph 18, Lakeview admits that Bloomberg.com and Dun & Bradstreet maintain websites. These websites speak for themselves. Except as so admitted, Lakeview denies all other allegations in Paragraph 18.

19.     In response to the allegations of Paragraph 19, Lakeview admits that Tim LuCarelli is Lakeview's Controller. Lakeview further admits that Mr. LuCarelli responded to Mr. Avondet's August 22, 2016 letter by letter dated August 30, 2016. Mr. LuCarelli's August 30, 2016 letter speaks for itself. Except as so admitted, Lakeview denies all other allegations in Paragraph 19.

20.     Lakeview denies the allegations of Paragraph 20.

21.     Lakeview denies the allegations of Paragraph 21.

22.     Lakeview denies the allegations in Paragraph 22.

23.     Lakeview denies the allegations in Paragraph 23.

24.     Lakeview denies the allegations in Paragraph 24.

## COUNT ONE: TRADEMARK INFRINGEMENT
## UNDER SECTION 43(a)(1)(A) of the LANHAM ACT

25.     In response to the allegations in Paragraph 25, Lakeview realleges and incorporates the preceding paragraphs of this answer as if fully set forth herein.

26.     Lakeview denies the allegations in Paragraph 26.

27.     Lakeview denies the allegations in Paragraph 27.

28.     Lakeview denies the allegations in Paragraph 28.

29.     Lakeview denies the allegations in Paragraph 29.

30.     Lakeview denies the allegations in Paragraph 30.

31.     Lakeview denies the allegations in Paragraph 31.

32.     Lakeview denies the allegations in Paragraph 32.

33.     Lakeview denies the allegations in Paragraph 33.

## COUNT TWO: COMMON LAW
## TRADEMARK INFRINGEMENT

34.     In response to the allegations in Paragraph 34, Lakeview realleges and incorporates the preceding paragraphs of this answer as if fully set forth herein.

35.     Lakeview denies the allegations in Paragraph 35.

36.     Lakeview denies the allegations in Paragraph 36.

37.     Lakeview denies the allegations in Paragraph 37.

## COUNT THREE: UNFAIR COMPETITION

38.     In response to the allegations in Paragraph 38, Lakeview realleges and incorporates the preceding paragraphs of this answer as if fully set forth herein.

39.     Lakeview denies the allegations in Paragraph 39.

40.     Lakeview denies the allegations in Paragraph 40.

41.     Lakeview denies the allegations in Paragraph 41.

## COUNT FOUR: UNFAIR METHODS
## AND PRACTICES (IDAHO CODES § 48-603)

42.     In response to the allegations in Paragraph 42, Lakeview realleges and incorporates the preceding paragraphs of this answer as if fully set forth herein.

43.     Lakeview denies the allegations in Paragraph 43

44.     Lakeview denies the allegations in Paragraph 44.

45.     Lakeview denies the allegations in Paragraph 45.

46.     Lakeview denies the allegations in Paragraph 46.

47.     Lakeview denies the allegations in Paragraph 47.

## COUNT FIVE: UNJUST ENRICHMENT,
## DISGORGEMENT, CONSTRUCTIVE TRUST

48.     In response to the allegations in Paragraph 48, Lakeview realleges and incorporates the preceding paragraphs of this answer as if fully set forth herein.

49.     Lakeview denies the allegations in Paragraph 49.

50.     Lakeview denies the allegations in Paragraph 50.

51.     Lakeview denies the allegations in Paragraph 51.

## COUNT SIX: TORTIOUS INTERFERENCE
## WITH PROSPECTIVE ECONOMIC ADVANTAGE

52.     In response to the allegations contained in Paragraph 52, Lakeview realleges and incorporates the preceding paragraphs of this answer as if fully set forth herein.

53.     Lakeview lacks sufficient information to admit or deny the allegations of Paragraph 53 and, therefore, denies the same.

54.     Lakeview denies the allegations in Paragraph 54.

55.     Lakeview denies the allegations in Paragraph 55.

56.    Lakeview denies the allegations in Paragraph 56.

57.    Lakeview denies the allegations in Paragraph 57.

58.    Lakeview denies the allegations in Paragraph 58.

## NRCC'S JURY DEMAND

59.    NRCC's jury demand contains no factual allegations to admit or deny, and therefore no response is required.

## NRCC'S STATEMENT REGARDING ATTORNEYS' FEES

60.    Lakeview denies the allegations contained in the paragraph of NRCC's Complaint entitled "Attorney Fees."

## LAKEVIEW'S FIRST AFFIRMATIVE DEFENSE – LICENSE

61.    One or more of NRCC's claims are barred, in whole or in part, due to license.

## LAKEVIEW'S SECOND AFFIRMATIVE DEFENSE – UNCLEAN HANDS

62.    The doctrine of unclean hands prevents any recovery by NRCC on one or more of NRCC's claims, in whole or in part.  NRCC's claims are baseless, and, upon information and belief, NRCC brings its claims knowing that the claims are baseless.  Upon information and belief, discovery in this action will demonstrate that NRCC has brought this meritless lawsuit solely to force Lakeview to incur legal expenses, to disadvantage Lakeview in the marketplace, and to damage Lakeview's reputation.

## LAKEVIEW'S REQUEST FOR ATTORNEYS' FEES

Lakeview has been required to retain counsel to defend the Complaint, and is entitled to recover its costs and reasonable attorneys' fees incurred in defending this action pursuant to Idaho Code §§ 12-120, 12-121, 15 U.S.C. § 1117(a), or any other provision of contract, rule, or statute that may be applicable to this dispute.

## <u>LAKEVIEW'S DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Lakeview hereby

demands a trial by jury of this action on all issues so triable.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Lakeview requests relief as follows:

1.      That NRCC's Complaint, and each claim and/or cause of action contained therein

be dismissed with prejudice;

2.      That Judgment be entered in favor of Lakeview;

3.      That the Court award Lakeview attorneys' fees and costs;

4.      That the Court award such other and additional relief as the Court may deem just

and appropriate under all circumstances.

DATED December 27, 2016

HOLLAND & HART LLP


By */s/ Teague I. Donahey*
    Teague I. Donahey
    Christopher C. McCurdy
    **ATTORNEYS FOR LAKEVIEW**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of December, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

John M. Avondet – javondet@beardstclair.com
Jared W. Allen – allen@beardstclair.com


*/s/ Teague I. Donahey* _____
for HOLLAND & HART LLP

9444386_1.docx