UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>LAKEVIEW CHEESE COMPANY, LLC, a Nevada limited liability company,<br><br>    Defendant. | Case No. 4:16-cv-00427-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Plaintiff Nelson-Ricks Cheese Company, Inc.'s (NRCC) Motion to Amend Complaint. Dkt. 32. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court **GRANTS** the Motion.

## BACKGROUND

This lawsuit arises out of claims brought by Plaintiff NRCC that Defendant Lakeview Cheese Company infringed upon Plaintiff's registered "Nelson Ricks Creamery Company" trademark on their website. Plaintiff asserts various claims for relief, including

trademark infringement. NRCC's requested relief is primarily monetary. Now, Plaintiff wishes to amend its complaint for the purpose of adding a prayer for injunctive relief.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that, once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Lakeview Cheese Company, LLC, has not given consent to amend the Complaint. Therefore, NRCC must have leave of the Court to amend. The Ninth Circuit Court of Appeals recognizes that "the underlying purpose of Rule 15 [is] to facilitate [a] decision on the merits, rather than on the pleadings or technicalities," and, therefore, "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Chudacoff v. Univ. Med. Cent. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

The decision whether to grant or deny a motion to amend pursuant to Rule 15(a) rests in the sole discretion of the trial court. The four factors that are commonly used to determine the propriety of a motion for leave to amend are: 1) undue delay, bad faith or dilatory motive on the part of the movant; 2) repeated failure to cure deficiencies by amendments previously allowed; 3) undue prejudice to the opposing party by virtue of allowance of the amendment; and 4) futility of amendment. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 n.5 (9th Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Ninth Circuit has held that although all these factors are relevant to consider when ruling on a motion for leave to amend, the "crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1189 (9th Cir. 1973). Indeed, prejudice is the touchstone of the inquiry under Rule 15(a). *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Ultimately, "[u]nless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint." *Howey*, 481 F.2d at 1190.

## ANALYSIS

Much of the briefing surrounding this Motion focuses on ancillary issues such as inflammatory conduct by certain parties, the frivolousness of the complaint, and a prior lawsuit (and subsequent agreement that came out of that lawsuit) between the parties. While some of the topics bear on the Court's decision today, others are wholly irrelevant for the purposes of the instant motion. Specifically, questions of frivolousness and conduct can be determined at a later time through sanctions or attorney fees, but the instant motion is simply a request to amend the complaint. That is the standard the Court will use to make a determination.

Looking at the first factor to be considered, the Court does not believe that granting this Motion will cause any undue delay in this case. Importantly, this amendment will not

affect any deadlines or other aspects of case management in this suit,[1] as it simply seeks to add a request that the Court permanently enjoin Lakeview from using the mark at issue.

Additionally, it is not clear that Plaintiff brought this Motion with bad faith or dilatory motive. Defendant argues that NRCC is only seeking to add this relief because they brought it up in a prior motion, but such is hardly a valid reason for denying a motion. Additionally, while there does seem to be some disconnect in the rationale as it relates to the cease and desist order, this subsequent lawsuit, and Plaintiff's choice of whether or not to request injunctive relief, the Court is not convinced that such decision was nefarious in nature.

The second factor—referring to previously allowed amendments—is not applicable as this is the first such motion in this case.

Turning to the third and most important factor—that of prejudice to the opposing party—the Court cannot see any resulting prejudice, nor does Lakeview cite to any, that it would suffer were the Court to allow the amendment. If, as Lakeview claims, this lawsuit is frivolous, or that the harm and damages that exist are not quantifiable in nature, there is no harm in requesting relief for something they claim will be unnecessary, or that they are already doing.

Such a position (that there is no reason to request such relief because nothing has been identified that would need enjoining) also goes to the last factor of the test—futility

---

[1] Because this case was reassigned, some time has elapsed since the filing of the Motion and this decision. Even then, the discovery cut off is not for another six weeks, and the dispositive motion deadline is still almost four months away.

**MEMORANDUM DECISION AND ORDER - 4**

of the amendment. Like Lakeview, the Court is skeptical that such a request is even necessary, however that does not mean that it is futile. A permanent injunction seeks to prevent future harm from occurring and while there is an additional test, which must be met in order for a court to grant such relief, [2] at this point NRCC is simply asking that they be allowed to add it. That is to say, while NRCC would be required to meet the referenced test *and* actually attain success on the merits before a permanent injunction would be granted, such a burden is not yet upon Plaintiff. Because there is the possibility, however remote, that future harm could occur in this case, such a request is not an exercise in futility.

Considering all relevant factors, particularly noting that this amendment will not unduly prejudice the opposing party, the Court will grant the Motion and allow NRCC to amend their complaint and add a prayer for injunctive relief as outlined in their "redlined" version of the complaint. Dkt. 32-4.

## ORDER

**IT IS ORDERED:**

1. Plaintiff Nelson-Ricks Cheese Company's Motion to Amend Complaint (Dkt. 32) is **GRANTED.**

---

[2] A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that the balance of hardships between the plaintiff and the defendant warrants an equitable remedy; and (4) that the public interest would not be disserved by a permanent injunction. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57(2010) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391(2006)).

2. Plaintiff Nelson-Ricks Cheese Company shall file their amended complaint within 14 days of the date of this order.

DATED: September 14, 2017

Honorable David C. Nye
United States District Court