# EXHIBIT B

John M. Avondet, ISB No. 7438
Jared W. Allen, ISB No. 5739
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, ID  83404-7495
Telephone: (208) 523-5171
Facsimile: (208) 529-9732
Email: javondet@beardstclair.com
        allen@beardstclair.com

Attorneys for the Plaintiff, Nelson-Ricks Cheese Company, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation,<br><br>        Plaintiff,<br>vs.<br><br>LAKEVIEW CHEESE COMPANY, LLC, a Nevada limited liability company,<br><br>        Defendant. | Case No.: 4:16-cv-00427-DCN<br><br>NOTICE OF THIRD PARTY SUBPOENAS |

Please take notice that the attached Subpoenas for Production of Documents Pursuant to Federal Rule of Civil Procedure 45 are being served on the parties identified in the attached subpoenas.

DATED: September 29, 2017

*/s/ John M. Avondet*_____
John M. Avondet
Jared W. Allen
Of Beard St. Clair Gaffney PA
Attorneys for the Plaintiff

## CERTIFICATE OF MAILING OR HAND DELIVERY

I certify I am a licensed attorney in the state of Idaho, I have my office in Idaho Falls, Idaho, and on September 29, 2017, I served a true and correct copy of the *Notice of Third Party Subpoenas* upon the following by the method of delivery designated:

| | |
|---|---|
| Teague I. Donahey<br>Christopher C. McCurdy<br>Holland & Hart<br>800 W. Main Street, Ste. 1750<br>Boise, ID 83702-5974<br>Fax: (208) 343-8869 | ☑ E-Mail |

*/s/ John M. Avondet*_____
John M. Avondet
Jared W. Allen
Of Beard St. Clair Gaffney PA
Attorneys for the Plaintiff

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Idaho

| | |
|---|---|
| Nelson-Ricks Cheese Company, Inc. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 4:16-cv-00427-DCN |
| Lakeview Cheese Company LLC ) | |
| ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: UNIFIED GROCERS, INC.
818 W. 7th Street Suite 930 Los Angeles, CA 90017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Greenberg Cheese Company 5743 Smithway Street Commerce, California 90040 | Date and Time: 10/30/2017 8:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/29/2017

CLERK OF COURT

_____   OR   _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
NELSON-RICKS CHEESE COMPANY, INC. _____, who issues or requests this subpoena, are:

John Avondet, 2105 Coronado Street, Idaho Falls, Idaho 83404, javondet@beardstclair.com, 208-523-5171

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:16-cv-00427-DCN

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

A. INSTRUCTIONS

    a. YOU ARE COMMANDED to produce the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material at the time, date and place set forth above.

    b. Words used in the plural shall also be taken to mean and include the singular and vice versa.

    c. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

B. DEFINITIONS

    a. The following definitions shall apply to this subpoena:

        i. "Communication" means and includes all written, oral, telephonic, or electronic communications, negotiations, agreements, understandings, meetings, interviews and announcements.

        ii. "Documents" means and includes any and all tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, videotape recorded, visually reproduced, stenographically reproduced or reproduced in any other manner, originals and all copies of any and all communications, writings of any kind or type whatsoever, books and pamphlets, photographs, movies, records, recordings. tape recordings, computer disks, e-mails, computer transmissions, computer entries of any and all kinds: diaries, appointment books. memoranda, reports, notes, minutes and inter-office communications, letters and correspondence, drawings, blueprints, sketches and charts, contracts or agreements, other legal instruments or official documents; published material of any kind, investigation or incident reports, files and records, notes or summaries of conferences, meetings, discussions, interviews or telephone conversations or messages. drafts or draft copies of any of the above.

        iii. Electronic data storage in any medium used in connection with the definition of documents encompasses all data or information stored in its native format in data processing or storage equipment. including, but not limited to main-frame computers, network servers, personal computers, hand-held devices, cell phones, personal digital assistants, MP3 players, internet storage systems, private and/or third-party networks, magnetic disks, optical disks, CD-ROMs, DVD-ROMs, magnet tapes and backup tapes.

    iv.    E-mail means an electronic messaging application that provides for the receipt and sending of messages among users of a computer system and possibly to and from remote users.

    v.    The terms "you" and ""your" refer to Unified Grocers, Inc. or any of its agents or representatives.

    vi.    "Tangible things" means any object, property or thing of a corporeal nature which is not otherwise subsumed and included under the term document as herein above defined.

    vii.    Person(s) means and includes any natural person, partnership, corporation, joint venture, unincorporated association, governmental entity (or agency or board thereof), quasi-public entity or other form of entity, and any combinations thereof.

    viii.    "Related to" or "Relates to" means constituting, defining, concerning, embodying, reflecting, identifying, stating, referring to, dealing with or pertaining to.

1. True and correct copies of all bills of lading for all shipments of cheese received by you from Lakeview Cheese Company LLC from 2012 through the present.

2. True and correct copies of all purchase orders for the purchase of "Banquet" cheese placed by you to Lakeview Cheese Company LLC from 2012 through the present.

3. True and correct copies of all order confirmations confirming orders for "Banquet" cheese generated by either you or Lakeview Cheese Company LLC from 2012 through the present.

4. True and correct copies of all invoices for "Banquet" cheese shipments shipped by Lakeview Cheese Company LLC to you from 2012 through the present.

5. True and correct copies of all bills of lading for all shipments of "Banquet" cheese received by you from Lakeview Cheese Company LLC from 2012 through the present.

6. True and correct copies of all communications between you and any agent, officer, or employee of Lakeview Cheese Company LLC from 2012 through the present concerning "Banquet", "Banquet Cheese", and "Nelson Ricks Creamery Company".

AO 88B (Rev 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Idaho

| | |
|---|---|
| Nelson-Ricks Cheese Company, Inc. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 4:16-cv-00427-DCN |
| Lakeview Cheese Company LLC ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: AMERICAN MEAT COMPANIES
5201 Industry Avenue, Pico Rivera, CA 90660
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Greenberg Cheese Company 5743 Smithway Street Commerce, California 90040 | Date and Time: 10/30/2017 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/29/2017

CLERK OF COURT

_____    OR    _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
NELSON-RICKS CHEESE COMPANY, INC._____, who issues or requests this subpoena, are:
John Avondet, 2105 Coronado Street, Idaho Falls, Idaho 83404, javondet@beardstclair.com, 208-523-5171

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:16-cv-00427-DCN

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

A. INSTRUCTIONS

    a. YOU ARE COMMANDED to produce the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material at the time, date and place set forth above.

    b. Words used in the plural shall also be taken to mean and include the singular and vice versa.

    c. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

B. DEFINITIONS

    a. The following definitions shall apply to this subpoena:

        i. "Communication" means and includes all written, oral, telephonic, or electronic communications, negotiations, agreements, understandings, meetings, interviews and announcements.

        ii. "Documents" means and includes any and all tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, videotape recorded, visually reproduced, stenographically reproduced or reproduced in any other manner, originals and all copies of any and all communications, writings of any kind or type whatsoever, books and pamphlets, photographs, movies, records, recordings. tape recordings, computer disks, e-mails, computer transmissions, computer entries of any and all kinds: diaries, appointment books. memoranda, reports, notes, minutes and inter-office communications, letters and correspondence, drawings, blueprints, sketches and charts, contracts or agreements, other legal instruments or official documents; published material of any kind, investigation or incident reports, files and records, notes or summaries of conferences, meetings, discussions, interviews or telephone conversations or messages. drafts or draft copies of any of the above.

        iii. Electronic data storage in any medium used in connection with the definition of documents encompasses all data or information stored in its native format in data processing or storage equipment. including, but not limited to main-frame computers, network servers, personal computers, hand-held devices, cell phones, personal digital assistants, MP3 players, internet storage systems, private and/or third-party networks, magnetic disks, optical disks, CD-ROMs, DVD-ROMs, magnet tapes and backup tapes.

iv. E-mail means an electronic messaging application that provides for the receipt and sending of messages among users of a computer system and possibly to and from remote users.

v. The terms "you" and ""your" refer to American Meat Companies or any of its agents or representatives.

vi. "Tangible things" means any object, property or thing of a corporeal nature which is not otherwise subsumed and included under the term document as herein above defined.

vii. Person(s) means and includes any natural person, partnership, corporation, joint venture, unincorporated association, governmental entity (or agency or board thereof), quasi-public entity or other form of entity, and any combinations thereof.

viii. "Related to" or "Relates to" means constituting, defining, concerning, embodying, reflecting, identifying, stating, referring to, dealing with or pertaining to.

1. True and correct copies of all bills of lading for all shipments of cheese received by you from Lakeview Cheese Company LLC from 2012 through the present.

2. True and correct copies of all purchase orders for the purchase of "Banquet" cheese placed by you to Lakeview Cheese Company LLC from 2012 through the present.

3. True and correct copies of all order confirmations confirming orders for "Banquet" cheese generated by either you or Lakeview Cheese Company LLC from 2012 through the present.

4. True and correct copies of all invoices for "Banquet" cheese shipments shipped by Lakeview Cheese Company LLC to you from 2012 through the present.

5. True and correct copies of all bills of lading for all shipments of "Banquet" cheese received by you from Lakeview Cheese Company LLC from 2012 through the present.

6. True and correct copies of all communications between you and any agent, officer, or employee of Lakeview Cheese Company LLC from 2012 through the present concerning "Banquet", "Banquet Cheese", and "Nelson Ricks Creamery Company".

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Idaho

| | |
|---|---|
| Nelson-Ricks Cheese Company, Inc. ) | |
| _Plaintiff_ ) | |
| v. ) | Civil Action No. 4:16-cv-00427-DCN |
| Lakeview Cheese Company LLC ) | |
| ) | |
| _Defendant_ ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    ASTRO FOOD SERVICES, INC.
       1211 E. Wholesale Street, Los Angeles, CA 90021

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Greenberg Cheese Company<br>5743 Smithway Street<br>Commerce, California 90040 | Date and Time:<br><br>10/30/2017 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/29/2017

_CLERK OF COURT_

                                                     OR    _/s/ signature_
_Signature of Clerk or Deputy Clerk_                       _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
NELSON-RICKS CHEESE COMPANY, INC.                  , who issues or requests this subpoena, are:
John Avondet, 2105 Coronado Street, Idaho Falls, Idaho 83404, javondet@beardstclair.com, 208-523-5171

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:16-cv-00427-DCN

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

A. INSTRUCTIONS

    a. YOU ARE COMMANDED to produce the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material at the time, date and place set forth above.

    b. Words used in the plural shall also be taken to mean and include the singular and vice versa.

    c. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

B. DEFINITIONS

    a. The following definitions shall apply to this subpoena:

        i. "Communication" means and includes all written, oral, telephonic, or electronic communications, negotiations, agreements, understandings, meetings, interviews and announcements.

        ii. "Documents" means and includes any and all tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, videotape recorded, visually reproduced, stenographically reproduced or reproduced in any other manner, originals and all copies of any and all communications, writings of any kind or type whatsoever, books and pamphlets, photographs, movies, records, recordings. tape recordings, computer disks, e-mails, computer transmissions, computer entries of any and all kinds: diaries, appointment books. memoranda, reports, notes, minutes and inter-office communications, letters and correspondence, drawings, blueprints, sketches and charts, contracts or agreements, other legal instruments or official documents; published material of any kind, investigation or incident reports, files and records, notes or summaries of conferences, meetings, discussions, interviews or telephone conversations or messages. drafts or draft copies of any of the above.

        iii. Electronic data storage in any medium used in connection with the definition of documents encompasses all data or information stored in its native format in data processing or storage equipment. including, but not limited to main-frame computers, network servers, personal computers, hand-held devices, cell phones, personal digital assistants, MP3 players, internet storage systems, private and/or third-party networks, magnetic disks, optical disks, CD-ROMs, DVD-ROMs, magnet tapes and backup tapes.

    iv. E-mail means an electronic messaging application that provides for the receipt and sending of messages among users of a computer system and possibly to and from remote users.

    v. The terms "you" and ""your" refer to Astro Food Services, Inc. or any of its agents or representatives.

    vi. "Tangible things" means any object, property or thing of a corporeal nature which is not otherwise subsumed and included under the term document as herein above defined.

    vii. Person(s) means and includes any natural person, partnership, corporation, joint venture, unincorporated association, governmental entity (or agency or board thereof), quasi-public entity or other form of entity, and any combinations thereof.

    viii. "Related to" or "Relates to" means constituting, defining, concerning, embodying, reflecting, identifying, stating, referring to, dealing with or pertaining to.

1. True and correct copies of all bills of lading for all shipments of cheese received by you from Lakeview Cheese Company LLC from 2012 through the present.

2. True and correct copies of all purchase orders for the purchase of "Banquet" cheese placed by you to Lakeview Cheese Company LLC from 2012 through the present.

3. True and correct copies of all order confirmations confirming orders for "Banquet" cheese generated by either you or Lakeview Cheese Company LLC from 2012 through the present.

4. True and correct copies of all invoices for "Banquet" cheese shipments shipped by Lakeview Cheese Company LLC to you from 2012 through the present.