UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>v.<br><br>LAKEVIEW CHEESE COMPANY, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. 4:16-cv-00427-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Pending before the Court is Defendant Lakeview Cheese Company LLC's (Lakeview) Emergency Motion to Quash Subpoenas and to Issue Protective Order. Dkt. 47. Plaintiff Nelson Ricks Cheese Company, Inc. (NRCC), filed a response to the above Motion and simultaneously filed a Motion to Seal Document. Dkt. 50. Lakeview, in conjunction with its Reply to the above, also filed two Motions: a Motion to Extend Deadlines (Dkt. 54); and a Motion to Supplement Protective Order (Dkt. 55).

Although the three motions filed with the various briefs are in their infancy, because these matters are time sensitive, the Court will address all motions as they are all part and parcel to the overall discovery controversy. These last two motions in particular place the Court in a bind because the Court must address them immediately, but in doing so, NRCC will not have a chance to respond. Having reviewed the record and briefs, the

Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court **GRANTS** each motion.

## BACKGROUND

This lawsuit arises out of claims brought by NRCC that Lakeview infringed upon NRCC's registered "Nelson Ricks Creamery Company" trademark on their website. Plaintiff asserts various claims for relief, including trademark infringement. NRCC's requested relief is primarily monetary.

The current motions revolve around 15 subpoenas that NRCC served on non-parties. On September 29, 2017, NRCC served Lakeview with notice that it had served subpoenas on 15 Lakeview customers seeking financial information related to Lakeview's sales to them over a five-year period. Lakeview contends that these subpoenas are duplicative of information NRCC has already requested from them and serve no legitimate purpose but to harass Lakeview and its customers. NRCC does not dispute that the information sought is duplicative, but contends the subpoenas are necessary as Lakeview has not adequately responded to NRCC's requests.

Referenced in the briefing is certain information that reflects informal communications between the parties and the Court. While the general substance of those

communications is irrelevant here, it is worth noting in particular one issue—at least for context—as it plays a large role in this decision.

When the layers are pealed back on the motions currently pending, Lakeview's root concern is that Mike Greenberg, NRCC's CEO, may see this financial information and that as a competitor this would be improper. Further background reveals that NRCC has listed Mike Greenberg as a damages expert. Lakeview contends this is precisely why it did not want to turn over these financial documents in response to NRCC's Fifth Set of Document Requests, and why it now objects to customers complying with the subpoenas.

In light of the lack of production, NRCC served the aforementioned subpoenas on Lakeview's customers. The customers must comply with the subpoenas by October 30, 2017. Lakeview filed the instant motion seeking to quash the subpoenas. Subsequent motions followed which deal with interrelated issues. The Court will address each in turn.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(c)(3) provides that a Court *must* quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Additionally, the Court *may* quash or modify a subpoena if the subpoena requires:

> (i) disclosing a trade secret or other confidential research, development, or commercial information; or

> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(c)(3)(B)(i)-(ii). These Rules give the Court broad discretion in determining whether to quash a subpoena. The Court must consider the specific facts and circumstances surrounding the issues in making a sound and just determination.

Protective orders are authorized pursuant to Fed. R. Civ. P. 26(c). Under Rule 26(c), "any person from whom discovery is sought may move for a protective order." *Id*. The rule identifies the grounds for which a protective order may issue, namely, annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). The moving party has the burden of showing good cause for a protective order. *In re Roman Catholic Archbishop of Portland in Oregon,* 661 F.3d 417 (9th Cir. 2011).

## ANALYSIS

I.    MOTION TO QUASH / PROTECTIVE ORDER

As a threshold matter, NRCC asserts that Lakeview does not have standing to object to these subpoenas as the subpoenas are directed to third parties, not Lakeview. Lakeview takes the position that under Federal Rule of Civil Procedure 45 it has standing to object to any subpoena, even directed at a third party, when the information sought is confidential. Lakeview believes that to be the case here because disclosure of its sales information to a competitor might give that competitor an unfair advantage. NRCC disagrees as Lakeview has produced other financial information to date without the

provisions now sought. NRCC focuses on the requested information itself, while Lakeview focuses more on the outcome. The Court addresses both.

First, courts have generally viewed sales data as trade secrets or confidential information. S*ee Am. Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 740 (Fed. Cir. 1987).[1] The underlying information is therefore confidential and under Fed. R. Civ. P. 45(c)(3)(B)(i).

Second, several district courts within the Ninth Circuit have held that "[a] party can move for a protective order in regard to a subpoena issued to a nonparty if it believes its own interests are jeopardized by discovery sought from a third party and has standing under Rule 26." *In re REMEC, Inc. Sec. Litig.,* No. CIV 04CV1948 JLS AJB, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008).[2] The real question then becomes does Lakeview have standing under Rule 26.

Rule 26(c) allows either the person from whom discovery is sought or "a party" to file a motion to quash subpoenas. While a party cannot ask for an order solely to protect

---

[1] Several district courts within the Ninth Circuit have also held that customer information and proprietary sales information is confidential commercial information for purposes of the discovery rules. *See, e.g., Edwards v. California Dairies, Inc.*, No. 1:14-MC-00007-SAB, 2014 WL 2465934, at *4 (E.D. Cal. June 2, 2014); *Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, No. 13CV1395-GPC BLM, 2014 WL 3573400, at *5 (S.D. Cal. July 18, 2014); *Nutratech, Inc. v. Syntech (SSPF) Intern., Inc.*, 242 F.R.D. 552, 555 n. 4 (C.D. Cal.2007); *see also Lakeview Pharmacy of Racine, Inc. v. Catamaran Corporation*, No. CV 3:15-290, 2017 WL 4310221, at *5 (M.D. Pa. Sept. 28, 2017).

[2] *See also Wahoo Int'l, Inc. v. Phix Doctor, Inc.,* No. 13CV1395-GPC BLM, 2014 WL 3573400, at *3 (S.D. Cal. July 18, 2014); *Loop AI Labs Inc v. Gatti,* No. 15-CV-00798-HSG(DMR), 2016 WL 787924, at *2 (N.D. Cal. Feb. 29, 2016); *Equal Employment Opportunity. Comm'n v. Bashas', Inc.,* No. CIV 09-0209 PHX RCB, 2009 WL 5206632, at *8 (D. Ariz. Dec. 24, 2009).

the interests of another, as noted, the party may seek to protect non-parties when "it believes that its own interest is jeopardized by discovery sought from [another]." *See* 8 Wright, Miller, and Marcus, *Federal Practice & Procedure, § 2035* at p. 475 (1994). A court may, for good cause shown, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). Here, NRCC seeks material related to financial sales between Lakeview and its customers, and so Lakeview must necessarily become involved to protect its interests. Also, Lakeview contends that these subpoenas cause undue burden and annoyance to its customers.

Federal Rule of Civil Procedure 26(c)(1)(G) states that a court may issue a protective order to protect a party from having to reveal a "trade secret or other confidential research, development, or commercial information." This provision mirrors the Court's analysis under Rule 45, and while these two Rules do not always work in tandem, it would be contradictory for the Court to allow standing under one based on the nature of the material (i.e. finding that it is confidential and protected) and not the other. In short, Lakeview has standing under Federal Rule of Civil Procedure 26 and 45 to object to the subpoenas.

The Court next turns to the merit of the subpoenas. While much could be said about these subpoenas' purpose, the Court is more concerned with their proportionality. Both sides have readily admitted that the time and expense of this litigation may very well outpace the final outcome. Under the Federal Rules of Civil Procedure, discovery

must be limited where the court finds it "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Such is the case here. This issue could be remedied in a much more timely, cost-efficient, and less intrusive manner. Undoubtedly, Lakeview is the more convenient party from which to get this information. Third party subpoenas are also quite intrusive. The Court does not like to burden third parties unless absolutely necessary. For these reasons the Court will quash the subpoenas.

That being said, NRCC is entitled to the documents that it requested long ago and that Lakeview's own expert has relied upon. Although the Court believes that jumping to a third party subpoena was improper in this case, NRCC is nonetheless entitled to fair and complete discovery in preparation for trial.

The Court next must address how to proceed. The Court's prior Protective Order, when referring to "Attorney Eyes Only" (AEO) information, states in relevant part that the information can be disclosed to "(3) consultants or experts engaged by counsel for any Party in connection with this action." Dkt. 22, at 4.

Herein lies the root of the problem. Lakeview believes that because NRCC named Greenberg as a non-retained expert he will be able to see this information. Although NRCC initially stated that it believed the Protective Order would not allow them to show Greenberg the financial information, NRCC now indicates in its briefing that "the information will not be provided to [Greenberg] until after the designation has been made or it is deemed to be non-AEO documentation." Dkt 51, at 12. This statement seems to

imply that NRCC will turn over any non-AEO material to Greenberg, *and* AEO material, but not until after the designation is made. The designation however becomes almost irrelevant as Greenberg ultimately will get all the materials regardless.

The Court, however, believes this is improper. The whole purpose of a protective order is to limit who can see certain materials. Specifically, an AEO designation is used to prohibit *the parties* from seeing proprietary information that is necessary for litigation, but would be improper for them to have because it is competitive information like trade secrets, or customer/sales information. The problem here though is that one of the parties is also identified as an expert. Normally, the protective order would exclude Greenberg from seeing this sales information because he is a party; however, because of his designation as an expert, arguably, Greenberg could review any produced information. The Court is not implying that NRCC listed Greenberg as an expert for the purpose of getting around the protective order, and as a leader in the industry he probably has relevant experience and could offer an opinion on the matter. The Court makes no determination as to Greenberg's qualifications or ability to be an expert. However, under the circumstances his expert designation creates a conflict which must be dealt with.

The Court falls back on the underlying principle that Greenberg (via his company) is a party to this lawsuit and as such he is not entitled to proprietary information, which Lakeview has standing to protect under two Federal Rules. To that end, the Court approves and accepts Lakeview's Supplemental Protective Order, which further narrows the scope of the Protective Order previously entered in this case. The newly created

designation of "Attorney Eyes Only – Financial Information" will allow Greenberg to stay on as an expert in this case, but not allow him to view the proprietary and confidential information of his competitor.

The Court notes that another requirement of the Protective Order is that a copy of the same must accompany any subpoena served in this action. NRCC did not comply with this requirement when they served the 15 subpoenas in question and readily admits that it was an oversight. Whether purposeful or inadvertent, it was nonetheless a requirement to which each side stipulated. Under the Protective Order alone the Court could quash the subpoenas and require NRCC to reissue them.[3] Because the Court finds independent legal grounds for quashing, such is not necessary. The Court is concerned, however, that any customers responding to the subpoenas prior to notice and receipt of this Order may not have adequately designated the information. The Court, therefore, orders that NRCC designate all information received from third parties in connection with these subpoenas as AEO – Financial and turn over copies to Lakeview.

Finally, the Court had noticed, and Lakeview points this out as well, that the subpoenas directed the customers to send the information directly to Greenberg Cheese Company in California rather than NRCC's counsel's law offices. Dkt. 47-5—Dkt. 47-8.

---

[3] Although not a statutory rule, the parties did stipulate to this procedure and failure to comply should at least give pause or require reissuance within the agreed to framework.

This is *highly* inappropriate and concerns the Court for obvious reasons. Along with the legal reasons outlined, this type of behavior is further reason to quash the subpoenas.

    II.     MOTION TO SEAL

As part of its response to the Motion to Quash, NRCC filed an exhibit under seal. In light of what was just noted concerning AEO/ AEO-Financial materials, the Court GRANTS NRCC's Motion to Seal. The material in question is an email from counsel for Lakeview to counsel for NRCC, is financial in nature, and part of this ongoing controversy. The document shall remain UNDER SEAL until further order of this Court.

    III.    MOTION TO EXTEND DEADLINES

The Motion to extend deadlines is wholly procedural and the Court and counsel have previously addressed this topic. Lakeview proposes the following 30-day extensions:

    1.     Plaintiff's Rebuttal Experts due on November 20, 2017

    2.     Close of Fact Discovery on November 29, 2017

    3.     Close of Expert Discovery on December 29, 2017

    4.     Dispositive Motion Deadline due on January 31, 2018

From the materials in the record it appears that both parties are in agreement on moving the deadlines, except NRCC expressed some concern about moving Lakeview's expert witness deadline as it would give Lakeview an unfair advantage. The deadline for Lakeview to disclose its experts was October 14, 2017. As October 14 has come and gone (and there is nothing regarding Lakeview's experts in the proposed extensions) the

Court can only assume that Lakeview met that deadline and NRCC no longer has any concerns. The Court therefore will **GRANT** the Motion to Extend the deadlines as outlined.

    IV.    MOTION TO SUPPLEMENT PROTECTIVE ORDER

In light of the foregoing analysis, the Court will grant Lakeview's Motion to Supplement the Protective Order. NRCC did not have a chance to respond to this Motion. However, as the Court noted, the parties are at an impasse. Lakeview will not turn over the documents without the assurance that Greenberg will not see them. Because the Court finds that the material is confidential information, the Court must agree that even though Greenberg is an expert, he is also a competitor of Lakeview's and disclosure to him would be improper. Unless and until NRCC can make a showing as to why the language in the Supplemental Protective Order should not be followed it will be the standard by which the parties shall disseminate the financial information. The Court hereby **GRANTS** the motion.

**ORDER**

**IT IS ORDERED:**

    1.    Defendant Lakeview's Emergency MOTION to Quash *Subpoenas and to Issue Protective Order* (Dkt. 47) is **GRANTED**. The 15 subpoenas are hereby quashed and NRCC must immediately notify all 15 of the non-parties that the subpoenas are quashed and need not be complied with. A protective order is hereby issued requiring NRCC to seek the discovery at

issue from Lakeview directly through discovery or a motion to compel if necessary.

2. Plaintiff NRCC's Motion to Seal (Dkt. 50) is **GRANTED**. Dkt. 52 shall remain under seal until further notice.

3. Lakeview's Motion for Extension of Time (Dkt. 54) is **GRANTED**. The dates as outlined in the document are hereby adopted by the Court.

4. Lakeview's Motion to Supplement Protective Order (Dkt. 55) is **GRANTED.** As the language is very specific, the Court will enter a separate order so that the Supplement and its parameters will be in the official record.

DATED: October 26, 2017

_____
David C. Nye
U.S. District Court Judge