# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation, | Case No. 4:16-cv-00427-DCN |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| LAKEVIEW CHEESE COMPANY, LLC, a Nevada limited liability company, | |
| Defendant. | |

## I. INTRODUCTION

Pending before the Court are numerous Motions filed by the parties in this case. On December 13, 2017, Defendant Lakeview Cheese Company ("Lakeview") filed a Motion for Leave to File Amended Answer to First Amended Complaint. Dkt. 66. In this Motion, Lakeview seeks to add an abuse of process counterclaim. *Id*. Plaintiff Nelson-Ricks Cheese Company ("NRCC") responded to the Motion and Lakeview replied. Following Lakeview's reply, NRCC filed a Motion to Strike an affidavit attached to Lakeview's reply. Dkt. 69.

Lakeview then filed a Motion for Summary Judgment. Dkt. 70. NRCC responded to the Motion for Summary Judgment and contemporaneously filed a Motion to Seal a document filed in support of its response. Dkt. 74.

Lakeview has also filed a Motion to Exclude certain experts' testimony related to its Motion for Summary Judgment. Dkt. 79.

The Court prefers to hold oral argument on all dispositive motions and plans to do so for the pending Motion for Summary Judgment.[1] So while the Court will deal with that motion in due course, the Court will take up the other motions at this time without oral argument.[2] Consistent with the analysis below, the Court will DENY Lakeview's Motion to Amend, DENY NRCC's Motion to Strike, and GRANT NRCC's Motion to Seal.

## II. ANALYSIS

### A. Motion to Amend

#### 1. Background

On September 29, 2017, NRCC notified Lakeview that it had served subpoenas on 15 Lakeview customers seeking financial information related to Lakeview's sales over a five-year period. On October 20, 2017, Lakeview filed an Emergency Motion to Quash the Subpoenas. Dkt. 47. The Court granted the same on October 26, 2017. Dkt. 57.

In its decision, the Court reiterated the burden that third-party subpoenas can cause and noted some of the problems that had been—and/or could have been—caused by the issuance of subpoenas in this case. *Id.* The Court noted that when NRCC served these subpoenas it failed to include a copy of the protective order as required, and that the

---

[1] Because the Motion to Exclude (Dkt. 79) deals with Summary Judgment issues, the Court will likewise not address it at this time.
[2] *See* Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii).

subpoenas directed the third-parties to tender their responses to Greenberg Cheese Company—a nonparty to this lawsuit, a direct competitor of Lakeview's, and the principle place of business of NRCC's CEO, Michael Greenberg. *Id.*

Lakeview then filed the instant Motion to Amend its answer seeking to add an abuse of process claim against NRCC based upon the subpoena situation.

### 2. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that, once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when—as in this case—a party files a motion to amend after the Court's case management deadline to amend has passed, district courts in the Ninth Circuit apply Federal Rule of Civil Procedure 16(b), followed by a Rule15(a) analysis.[3] *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16(b), the movant must demonstrate good cause to amend. *Id.* at 609.

An abuse of process claim under Idaho law involves two elements: (1) a willful act in the use of legal process not proper in the regular course of the proceeding that was (2)

---

[3]"In other words, where a motion to amend the pleadings is filed after the cut-off date in the scheduling order, federal courts apply a two-step analysis. First, the court must determine whether 'good cause' exists for the requested modification of the scheduling deadline under Federal Rule of Civil Procedure 16(b). Second, if the court is satisfied that the movant has demonstrated 'good cause' under Rule 16(b), the court then must determine whether the party has satisfied the requirements for amendment under Rule 15(a)." *Mays v. Stobie*, No. 3:08-CV-552-EJL-CWD, 2010 WL 5110083, at *4 (D. Idaho Dec. 7, 2010) (internal citations omitted).

committed for an ulterior, improper purpose. *Berkshire Investments, LLC v. Taylor*, 153

Idaho 73, 84, 278 P.3d 943, 954 (2012) (citing *Badell v. Beeks*, 115 Idaho 101, 104, 765

P.2d 126, 129 (1988)).

### 3. Analysis

First, the Court must address timing. NRCC states that Lakeview could have

brought this counterclaim before the deadline.[4] The Court disagrees. Although Lakeview

has asserted from the beginning that this whole lawsuit is meritless and brought only for

retaliatory purposes, this abuse of process claim relates to events that occurred only

recently—the subpoena issue. Lakeview could not have filed this claim prior to the

deadline because the events giving rise to the claim had not yet occurred.

Even if Lakeview's timing is appropriate (as it relates to when the claim accrued),

the Court must consider the timing of amendment in relation to the case as a whole.

Allowing Lakeview to add a counterclaim at this late stage in the litigation would be

judicially inefficient and add unnecessary time and expense for the parties. Rather than

allow Lakeview to bring a separate tort, the Court will instead entertain a Motion for

Sanctions under Federal Rule of Procedure 37 in order for Lakeview to recover the costs

and fees—including attorney fees—associated with quashing the subpoenas.

The Court already concluded in its prior decision (Dkt. 57) that the subpoenas

were improper, that NRCC issued them in violation of the protective order (by not

---

[4] The deadline to amend pleadings in this case was May 19, 2017. The close of fact discovery
was October 31, 2017.

including a copy of the protective order), and that sensitive information could have been inappropriately disclosed. Under Rule 26, the Court can impose Rule 37 sanctions so a party can recover financially from having to defend against improper tactics used during discovery. That is what the Court will do in this case.

The Court therefore DENIES Lakeview's Motion to Amend Answer. The Court will however entertain a Motion for Rule 37 sanctions to recover appropriate costs. Pursuant with the Court's order herein, the Court will require Lakeview to provide an accounting of all costs and fees associated with quashing the subpoenas. The Court will then determine an appropriate award.

### B.  Motion to Strike

#### 1. Background

Attached to Lakeview's reply (Dkt. 68) in support of the above discussed Motion to Amend is the affidavit of Gabriel Blumberg. At the time of the filing of the Motion, Blumberg was Counsel of Record for Lakeview. His affidavit is the subject of NRCC's Motion to Strike. Dkt. 69.[5] NRCC believes that, because Lakeview filed the affidavit with its reply brief, rather than with the Motion itself, it is untimely and the Court should strike it from the record.

#### 2. Legal Standard

---

[5] NRCC never filed a reply in support of this Motion; however, the time to do so has long since run.

Rule 6(c) of the Federal Rules of Civil Procedure provides that "any affidavit supporting a motion must be served with the motion." F.R.C.P. 6(c)(2). Local Civil Rule 7.1 provides that "the moving party shall serve and file with the motion affidavits required or permitted by Federal Rule of Civil Procedure 6(c), declarations submitted in accordance with 28 U.S.C. § 1746, copies of all photographs, documentary evidence and other supporting materials on which the moving party intends to rely." Dist. Idaho Loc. Civ. R. 7.1(b)(2).

Reply affidavits are only proper when presented in response to new information put forth in the opposing party's response brief, or when the affidavit material references information obtained after the initial filing of the motion. *See Sky Capital Group, LLC v. Rojas,* 2010 WL 779561 (D. Idaho March 2, 2010); *Doolittle v. Structure Investments Co., LLC,* 2008 WL 5121591 (D. Idaho Dec. 4, 2008).

### 3. Analysis

Here, the information contained in Blumberg's affidavit comes exclusively from the deposition of Michael Greenberg, NRCC's CEO. That deposition took place on December 19, 2017. Lakeview filed their Motion to Amend on December 13, 2017, approximately one week prior to Greenberg's deposition. Therefore, any argument that this affidavit could have been included with the original motion is not accurate.

Second, the subject matter of the affidavit supports Lakeview's reply and directly addresses certain facts and arguments brought up in NRCC's response to the Motion to Amend. Lakeview's first opportunity to respond to these arguments was when it filed a

reply. For these reasons, the Court will allow the affidavit to stand and give it the weight it deems appropriate. The Motion to Strike is DENIED.[6]

### C. Motion to Seal

#### 1. Background

Although the Court will not take up Lakeview's Motion for Summary Judgement (Dkt. 70) at this time, the Court will address the relatively simple matter of NRCC's Motion to Seal (Dkt. 74), which NRCC filed in conjunction with its response to Lakeview's Motion for Summary Judgment.

#### 2. Legal Standard

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010). Overcoming that presumption requires a showing of compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure. *Id.*

That being said, "when a district court grants a protective order to seal documents during discovery, it already has determined that 'good cause' exists to protect this

---

[6] Arguably, the Motion to Strike is Moot because of the Court's denial of Lakeview's Motion to Amend; however, the Court wanted to highlight that under the circumstances, there is no legal basis for striking the affidavit.

information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Kamakana*, 447 F.3d at 1179-80 (internal citations omitted).

### 3. Analysis

The Court granted a protective order early on in this case (Dkt. 22), and then granted an addendum to that order (Dkt. 58) following the subpoena situation. Both of these documents outline in detail what types of documents are confidential or attorney eyes only and how the parties and the Court should treat these documents.

The document that NRCC seeks to seal here is a portion of Lakeview CEO Greg Gaglio's deposition. The Court has reviewed the document and while the document itself does not appear to contain specific dollar amounts, customer information, or anything of that nature, the subject matter of the deposition is questions and answers relating to exhibits which are clearly confidential and sensitive in nature. The protective orders already entered in this case address how to handle this material and the Court sees no reason to deviate from that approach in this circumstance.[7] The document (Dkt. 75) shall remain under seal.

_____

[7] Additionally, although Lakeview has not yet responded to this Motion, the Court does not believe it will object to sealing the document for at least two reasons. First, Gaglio is Lakeview's CEO. It has a vested interest in the protection of this type of confidential information. Second, at the outset of the testimony quoted in this document NRCC's counsel asked Lakeview's counsel if he wanted "[this] portion of the deposition . . . deemed Confidential and for Attorney's Eyes Only," to which Lakeview's counsel responded, "that's correct."

# ORDER

**IT IS ORDERED:**

1.  Lakeview's Motion to File Amended Answer (Dkt. 66) is **DENIED.**
    Lakeview may not amend its answer to add a counterclaim for abuse of
    process; however, the Court will entertain a Motion for sanctions under
    Rule 37 to recover fees and costs associated with the subpoena issue.

2.  Lakeview will have 14 days from the date of this order to file a Rule 37
    Motion along with an accounting of all costs and fees associated with
    quashing the subpoenas. NRCC will then have 7 days to file any objections
    to the Motion and accounting. Lakeview will then have 3 days to reply. The
    Court will then make a determination.

3.  NRCC's Motion to Strike (Dkt. 69) is **DENIED**.

4.  NRCC's Motion to Seal (Dkt. 74) is **GRANTED**.

5.  The Court will hold oral argument on Lakeview's Motion for Summary
    Judgment (Dkt. 70), and any associated Motions, on May 24, 2017, at 2PM
    in Pocatello – District Courtroom.

DATED: March 23, 2018

Honorable David C. Nye
United States District Court