UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>v.<br><br>LAKEVIEW CHEESE COMPANY, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. 4:16-cv-00427-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Lakeview Cheese Company LLC's ("Lakeview") Motion for Sanctions. Dkt. 83. Upon review, the Court will GRANT IN PART and DENY IN PART Lakeview's Motion as outlined below.

## II. BACKGROUND

On September 29, 2017, Nelson-Ricks Cheese Company, LLC ("NRCC") notified Lakeview that it had served subpoenas on fifteen Lakeview customers seeking financial information related to Lakeview's sales over a five-year period. On October 20, 2017, Lakeview filed an Emergency Motion to Quash the Subpoenas. Dkt. 47. The Court granted the Motion to Quash and issued a Protective Order on October 26, 2017. Dkt. 57.

In its decision on the Motion to Quash, the Court found that the subpoenas were improper, that NRCC issued them in violation of the protective order in place at the time (by not including a copy of the protective order), and that the subpoenas directed the customers to tender their responses to Greenberg Cheese Company—a non-party to this lawsuit, a direct competitor of Lakeview's, and the principle place of business of NRCC's CEO, Michael Greenberg. *Id.* The Court concluded that Lakeview, not the fifteen non-party customers, was the correct party from which to get this information and that the customers might have inadvertently disclosed sensitive financial information as a result of the subpoenas.

In light of the Court's decision, Lakeview filed a Motion to Amend Answer (Dkt. 66), seeking to add a counterclaim against NRCC for abuse of process. In its discretion, the Court denied the Motion (Dkt. 81), but ruled that it would entertain a motion for sanctions. Relying on Rule 1 and the Court's duty to "secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, the Court reasoned the additional time and expense of a counterclaim outweighed any possible benefit. However, the Court recognized Lakeview's need for appropriate recovery and granted it leave to file the instant Motion for Sanctions. *Id.*

## II. LEGAL STANDARD

A. *Sanctions*

Under Rule 26 of the Federal Rules of Civil Procedure, a Court can impose Rule 37 sanctions in order to financially compensate, or make whole, an aggrieved party who had to defend against improper tactics used by another party during discovery.

Federal Rule of Procedure 26(c)(3) provides that Rule 37(a)(5) applies to the award of expenses in regards to protective orders. Rule 37(a)(5), in turn, outlines that, when a Court grants a protective order, "the Court . . . must require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney fees." Fed. R. Civ. P. 37(a)(5)(A).

Rule 45 also allows for recovery when a party issuing a subpoena fails to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). When a violation occurs, the court can "impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.*

B. *Attorney Fees*

After determining that a basis exists for a proper award of attorney fees, the Court must calculate a reasonable fee award. *Hensley v. Eckerhart*, 461 U.S. 424, (1983). Generally, the Court utilizes the "lodestar figure," which multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* The Court can then adjust the lodestar figure if necessary, based upon the factors set forth in *Kerr v. Screen*

*Extras Guild, Inc.,* 526 F.2d 67 (9th Cir.1975), that have not been subsumed in the lodestar calculation. *See Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 982 (9th Cir. 2008).

### III. ANALYSIS

The Court has already explained in multiple decisions how NRCC's subpoenas were improper and will not repeat that discussion here. In short, Lakeview had to defend itself, quash the subpoenas, and obtain an additional protective order based upon NRCC's tactics. An award of attorney fees and costs under Rules 26, 37, and 45 is, therefore, appropriate.

Lakeview estimates that it incurred $16,011.75 in fees and costs in relation to the quashing of the subpoenas and obtaining the protective order as follows:

1. Attorney fees for Teague Donahey at $435/hour for 5.2 hours totaling $2,262.00.

2. Attorney fees for Christopher McCurdy at $225/hour for 44.1 hours totaling $9,922.50.

3. Paralegal fees at $190/hour for .5 hours totaling $95.00.

4. Lexis computerized research charges in the amount of $232.50.[1]

---

[1] A careful reading of Greg Gaglio's Declaration (Dkt. 83-2, at 3), and the attached Holland and Hart invoice (Dkt. 83-2, at 13), shows that this total should be $232.25 not $232.50.

5. A flat fee of $3,500 for H1 Law Group to prepare the instant Motion for Sanctions.

In response to this Motion, NRCC has raised three objections: First, Teague Donahey is not entitled to $435 an hour; second, the total number of hours is excessive; and third, there is a calculation error wherein approximately 4 hours is unaccounted for.[2]

Normally, when attorney fees are at issue, it is most efficient to submit an affidavit that outlines the applicable market rates and any individual attorney's rates. The Court understands that current counsel is not the counsel that incurred these bills. However, that is of little consequence, as an affidavit would not have been difficult to obtain and would have aided the Court in its determination today.

Nevertheless, this Court is very familiar with the market rates in the Boise area and specifically with the rates charged by the Boise office of Holland and Hart. *See Balla v. Idaho State Bd. of Correction,* No. CV-81-1165-S-BLW, 2016 WL 6762651, at *12 (D. Idaho Feb. 1, 2016) (noting that the Holland and Hart Boise office charges between $195 and $495 for attorneys based upon their experience and between $180 and $205 for paralegals). Furthermore, although NRCC contends that $435/hour for Teague Donahey is "excessive for the Boise area" it provides no evidence for this proposition. Although at

---

[2] In its reply, Lakeview noted that it had in fact erroneously redacted the details regarding these four hours and submitted a new accounting for the hours. The Court has reviewed the documents, and the hours logged now match the hours requested.

MEMORANDUM DECISION AND ORDER - 5

the higher end of the Boise legal market,[3] a rate of $435/hour for Teague Donahey, based upon his experience and expertise, is appropriate and the Court will award the requested $2,262.00 for the work he performed.

NRCC does not object to the rate of $225/hour charged by Chris McCurdy, but rather the amount of hours he expended. At the outset, the Court notes that $225/hour is reasonable for the Boise market as outlined above.

NRCC's objection here—again, with nothing more than the statement itself—is that the hours requested by McCurdy are excessive. NRCC alleges that "McCurdy's total of 44.1 hours for preparing a 14 page brief on a single issue is manifestly disproportionate to the dispute." Dkt. 85, at 5. Not only does this statement completely disregard other necessary materials Lakeview had to file, such as a reply brief and modified protective order, but NRCC is well aware of the facts and circumstances surrounding this issue. There were informal conferences between counsel and between the Court and counsel that required preparation and research. The ordeal itself took place over approximately a month's time. To say that a single brief was all that was required here is a misleading statement.

The Court has thoroughly (line by line) reviewed the accounting Lakeview provided and agrees that all entries fall under the Court's prior order that Lakeview be

---

[3] *See LaPeter v. Canada Life Ins. of Am.,* No. CV-06-121-S-BLW, 2007 WL 4287489, at *1 (D. Idaho Dec. 4, 2007) (finding that "attorneys at regional firms, such as Holland & Hart, charge hourly rates at or near, but not above, the high end of acceptable rates for the Boise area.").

made whole from having to defend against the subpoenas. Finally, it is not this Court's job to determine the exact amount of time it *should* take an attorney to accomplish any given task. Such a system of oversight or expectation would undermine individual attorney's experience and abilities, law firm billing procedures, and set an improper precedence and expectation for future attorney fee claims. In sum, the Court approves the requested hourly rates and the number of hours billed.

NRCC has not objected to the $95 in paralegal costs, nor the $232.25 in research costs. The paralegal costs are in line with applicable rates and the Court finds the research costs appropriate and recoverable. *See Bjornson v. Dave Smith Motors/Frontier Leasing & Sales,* 578 F. Supp. 2d 1269, 1289 (D. Idaho 2008).

Finally, the Court *will not* award H1 Law Group a flat $3,500 for the preparation of the instant Motion. The Court understands why H1 made the request, however, (1) the Court will not award a flat fee rather than an hourly accounting; and (2) while the instant motion and memorandum would not have been necessary absent the improper tactics of NRCC and the Court's decision granting Lakeview leave to seek sanctions, these fees are not properly raised at this time. The Court's award today makes Lakeview whole for having to quash NRCC's improperly issued subpoenas and obtain an additional protective order. Lakeview is free to raise the fees and costs incurred by H1 Law Group regarding these issues upon completion of this case if it is the prevailing party.

## IV. ORDER

**IT IS ORDERED:**

1. Lakeview's Motion for Sanctions (Dkt. 83) is **GRANTED IN PART AND DENIED IN PART.** All fees and costs will be awarded EXCEPT those requested by H1 Law Group.

2. The Court hereby awards Lakeview attorney fees in the amount of $12,279.50 and costs in the amount of $232.25 for a total award of $12,511.75.

3. NRCC has 30 days to comply with this order.

DATED: May 15, 2018

David C. Nye
U.S. District Court Judge