John M. Avondet, ISB No. 7438
Jared W. Allen, ISB No. 5793
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, Idaho 83404
Telephone: (208) 523-5171
Facsimile: (208) 529-9732
Email: javondet@beardstclair.com
       allen@beardstclair.com

Attorneys for the Plaintiff, Nelson-Ricks Cheese Company, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>LAKEVIEW CHEESE COMPANY, LLC, a Nevada limited liability company,<br><br>    Defendant. | Case No.: 4:16-cv-00427-DCN<br><br>PLAINTIFF'S OBJECTION TO MOTION FOR WRIT OF EXECUTION (Dkt. No. 112) |

The Plaintiff, Nelson-Ricks Cheese Company, Inc. (NRCC), through its attorneys of record, respectfully objects to the Motion for a Writ of Execution filed by Lakeview Cheese Company, LLC as follows:

1. Lakeview calculates interest from November 27, 2018 through July 10, 2019. (Errata Dkt. No. 115.) However, the motion is predicated on the entry of the amended judgment on June 28, 2019. (*See* 7/12/19 Def. Mot. for Writ of Execution at 1, Dkt. No. 112.) NRCC objects to calculating interest from a period of time prior to the entry of the Amended Judgment on June 28, 2019.

The ability of a party to seek a writ of execution is predicated on the entry of a money judgment. FED. R. CIV. P. 69(a)(1) (2019). No post-judgment interest could accrue prior to entry of the Amended Judgment. Lakeview tacitly acknowledges this in its moving papers which expressly rely on the Amended Judgment entered by the Court in June 2019. (*See* Dkt. No. 112.) Consequently, NRCC objects to the time period used by Lakeview to calculate post-judgment interest, if any.[1]

2. Lakeview relies on Idaho Code § 28-22-104 for the rate of interest to be used to calculate interest. (7/12/19 Hone Decl. ¶ 7, Dkt. No. 112-1.) NRCC submits that this is erroneous to rely upon the Idaho Code for the rate of interest. In federal court, 28 U.S.C. § 1961(a) governs awards of post-judgment interest "on any money judgment in a civil case recovered in a district court." Attorney's fees fall within the scope of § 1961. *Friend v. Kolodzieczak*, 72 F.3d 1386, 1391 (9th Cir. 1995.) Federal law controls post-judgment interest for applicable state law claims in federal district court, recognized by both Idaho and Ninth Circuit case law. *See Stanley v. McDaniel*, 134 Idaho 630, 632, 7 P.3d 1107, 1109 (2000) (holding that "federal courts apply a federal statute determining interest on state law claims heard in federal court."); *see also Northrop Corp. v. Triad Intern. Marketing, S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988) ("It is settled that even in diversity cases '[p]ost judgment interest is determined by federal law.'".) The interest rate based on the US Treasury 1 year is 1.98% as of July 29, 2019 as opposed to the ~ 7% used by Lakeview to calculate post-judgment interest. Consequently, the motion should be denied because Lakeview has sought interest to which it is not entitled.

---

[1] Additionally, NRCC believes that the filing of the Motion for a Writ of Execution violated the automatic stay that is imposed upon entry of judgment pursuant to Rule 62 of the Federal Rules of Civil Procedure.

DATED: August 2, 2019.

*/s/ John M. Avondet*
John M. Avondet
Of Beard St. Clair Gaffney PA
Attorneys for the Plaintiff

# CERTIFICATE OF MAILING OR HAND DELIVERY

I certify I am a licensed attorney in the state of Idaho, I have my office in Idaho Falls, Idaho, and on August 2, 2019, I served a true and correct copy of the *Plaintiff's Objection to Motion for Writ of Execution (Dkt. No. 112)* upon the following by the method of delivery designated:

| | |
|---|---|
| James D. Ruchti<br>Ruchti & Beck Law Offices<br>1950 E. Clark St., Suite 200<br>Pocatello, Idaho 83201 | ☒ CM/ECF |
| Eric D. Hone<br>H1 Law Group<br>701 N. Green Valley Pkwy, 3200<br>Las Vegas, NV 83074 | ☒ CM/ECF |

*/s/ John M. Avondet*
John M. Avondet
Of Beard St. Clair Gaffney PA
Attorneys for the Plaintiff