**H1 LAW GROUP**
Eric D. Hone, ISB No. 5699
Email: eric@h1lawgroup.com
701 N Green Valley Pkwy, Suite 200
Henderson, Nevada 89074
Telephone: (702) 608-3720
Facsimile: (702) 608-3759

**RUCHTI & BECK LAW OFFICES**
James D. Ruchti, ISB No. 6366
Email: james@idaholaw.us
Oakley Building
1950 E. Clark Street, Suite 200
Pocatello, Idaho 83201
Telephone: (208) 478-5100
Facsimile: (208) 232-5100

*Attorneys for Defendant/Judgment Creditor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation,<br><br>　　　　　Plaintiff/Judgment Debtor,<br>v.<br><br>LAKEVIEW CHEESE COMPANY, LLC, a Nevada limited liability company,<br><br>　　　　　Defendant/Judgment Creditor. | Case No.  4:16-cv-00427-DCN<br><br>**DEFENDANT/JUDGMENT CREDITOR LAKEVIEW CHEESE COMPANY, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL** |

　　　　Defendant/Judgment Creditor Lakeview Cheese Company, LLC ("Lakeview"), by and through its counsel of record, the law firms of H1 Law Group and Ruchti & Beck Law Offices, hereby submits the following memorandum of points and authorities, together with the Declaration of Eric D. Hone attached hereto as Exhibit 1, in support of its Motion to Compel.

1

Pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 37.1, Lakeview certifies that it has in good faith conferred with NRCC regarding this discovery dispute in effort to obtain resolution without the necessity of court action, including participation in the Court's informal discovery dispute resolution program.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Given NRCC's recent unsuccessful appeal, the Court will well recall awarding Lakeview its attorneys' fees incurred in defending NRCC's frivolous claims.[1]  The current dispute between the parties relates to Lakeview's post-judgment discovery efforts to collect on the fee award.

Lakeview served a set of interrogatories and requests for production on NRCC for the purpose of obtaining information and documents evidencing NRCC's assets.  The discovery requests at issue seek the most basic and fundamental information relative to discovery of NRCC's assets such as bank account information, accounts receivables and payables, an identification of the company's assets, the company's liabilities, and tax records.

NRCC's responses to the discovery at issue are grossly deficient.  NRCC failed to provide substantive answers to interrogatories and did not produce a single document.  Instead, NRCC responded that it was in the process of compiling responsive information and documents, and that it intended to supplement its responses.

In light of NRCC's and its principal and CEO, Michael Greenberg's, propensity to misuse the legal process and the current listing of NRCC's likely most valuable asset, the cheese

---

[1] The Ninth Circuit recently affirmed this Court's orders granting summary judgment in favor of Lakeview and awarding Lakeview its attorneys' fees.  Specifically, the Ninth Circuit observed "NRCC did not have any evidence to support any of its claims…did not have a colorable claim to begin with and pursued its litigation in an unreasonable manner. *Nelson-Ricks Cheese Co., Inc. v. Lakeview Cheese Co., LLC*, No. 18-35611, at 4 (9th Cir. Aug. 21, 2019) (Mem.).

factory itself, for sale as a "turnkey" operation,[2] these requests are time-sensitive and require immediate, truthful supplementation. To that end, Lakeview met and conferred regarding NRCC's deficient discovery responses.

During the meet and confer, NRCC's counsel represented that he had requested responsive information and documents from Greenberg but that counsel could not advise when he expected to receive the responsive information and documents from his client or when he could provide supplemental discovery responses. NRCC's counsel did not offer a legitimate reason—or any reason—for his client's delay. The only reason for delay appears to be NRCC's willful failure to cooperate in the discovery process.

More than a month has passed since NRCC served its "non-responses" to discovery and NRCC still has not supplemented its responses to the discovery requests at issue. This discovery is clearly authorized under FRCP 69 and relevant to the issue of collection. NRCC has no legitimate justification for its failure to provide adequate answers to this discovery.

---

[2] As detailed more fully in Lakeview's opposition to NRCC's motion to quash (Dkt. No. 121), during the pendency of NRCC's ultimately unsuccessful appeal, Lakeview became aware that NRCC was attempting to sell the cheese factory where NRCC makes cheese. According to public records, the real property is purportedly owned by NRCC Asset Acquisition, LLC, another closely held Greenberg-owned company.

Yet, Harry Davis & Company, a self-proclaimed food and beverage "asset curator," has been advertising "Nelson Ricks Creamery" for "immediate sale" as a "turnkey" operation that includes "real estate, equipment, and intellectual property." *See* Dkt. No. 121-1 Hone Decl. at ¶ 4; *see also* the listing available on Harry Davis & Company's website at https://www.harrydavis. com/ turnkeysales/nelson-ricks-creamery/.

NRCC's underlying suit related to alleged infringement on the "Nelson Ricks Creamery" trademark. The sales listing of the cheese factory as a "turnkey" operation not only evidences NRCC attempting to sell the trademark, but also indicates NRCC has an interest in the real property (purportedly owned by NRCC Asset Acquisition, LLC) listed for sale. As of September 13, 2019, it appears that the listing was revised to remove reference to intellectual property. Otherwise, the listing remains substantially the same. *See* Dkt. No. 121 and 121-1 at ¶ 5.

For the reasons stated herein, this Court should compel NRCC to remedy its deficient responses and award Lakeview its attorneys' fees incurred in bringing this motion.

## II.    STATEMENT OF RELEVANT FACTS

***The Court Grants Summary Judgment
in Favor of Lakeview and Awards
Lakeview Its Attorneys' Fees and Costs***

On July 12, 2018, the Court entered its Memorandum Decision and Order granting summary judgment in favor of Lakeview on all of NRCC's trademark claims.  *See* Dkt. No. 94.

On November 27, 2018, the Court entered its Memorandum Decision and Order granting Lakeview's motion for attorneys' fees and costs.  *See* Dkt. No. 109.  By way of that Order, the Court awarded Lakeview $292,270.91.  *Id.* at p. 16.

***Lakeview Serves Post-Judgment
Discovery to NRCC***

On July 12, 2019, Lakeview served a set of interrogatories and requests for production on NRCC for the purpose of obtaining information and documents evidencing NRCC's assets. Hone Decl. at ¶ 3.  The discovery requests at issue seek the most basic and fundamental information relative to discovery of NRCC's assets such as bank account information, accounts receivables and payables, an identification of the company's assets, the company's liabilities, and tax records.

***NRCC Provides Grossly Deficient Responses
to the Discovery Requests At Issue***

On August 16, 2019, NRCC served its answers to interrogatories and responses to requests for production.  Hone Decl. at ¶ 3; Exhibits 1-A and 1-B.

By way of an overview, NRCC's discovery deficiencies can be categorized as follows:

➢ *Failure to Answer*:  NRCC has failed to provide substantive answers to interrogatories and has failed to provide responsive documentation to numerous document requests. Indeed, NRCC did not produce even a single page of documents in its response to

Lakeview's request for production. As to the following itemized discovery requests, NRCC responded that it was in the process of compiling responsive information and documents, and that it would supplement its responses to same:

- o Interrogatories – No. 2 (debts owed to NRCC by third parties); No. 5 (bank account information); No. 6 (identification of accounts receivables, payables); No. 7 (identification of liabilities).

- o Requests for Production – No. 1 (bank records); No. 7 (tax records); No. 8 (commercial paper); No. 12 (company ledgers, financial books); No. 14 (accounts receivables, payables); No. 22 (asset related documentation).

➢ *Inappropriate Objections*: NRCC should be required to produce documentation evidencing the company's assets and liabilities as requested in Request No. 16 (contracts underlying accounts receivables, payables) and Request No. 18 (contracts between NRCC and its managers, owners, principles, key employees); Lakeview should not have to—and will not, given the circumstances—simply take Mr. Greenberg at his word.

The full text of the interrogatories and requests for production at issue, together with NRCC's answers thereto, are set forth below:

**INTERROGATORY NO. 2:** *If you owed or anticipate that you will be owed by any person, business, or entity please state the amount of money due, the date such sums are due or will become due, the nature of the debt, the name and address of each person, business, or entity, and identify any payment arrangements related to money owed.*

**RESPONSE:** *Objection. This request seeks information that is not proportional to the needs of the case nor does it seek information that is relevant to the issue of collection of any judgment entered in this case. The judgment debtor, for the time being, in this matter is NRCC and to the extent Lakeview is entitled to information available through discovery about its financial status it is restricted in scope to its financial ability to satisfy a judgment. The request is premature in light of the fact that the Ninth Circuit has heard oral argument and will, in due course, issue a decision on this matter. The request is ambiguous and overbroad as to who or what might, at some point in the future, owe money to NRCC at some point in the future. Thus, the request requires further clarification and limitation before a response can be formulated.[3]*

**INTERROGATORY NO. 5:** *Please state the names, address, and account number for every financial institution (bank, savings and loan, credit union, brokerage house) where Nelson-Ricks*

---

[3] NRCC's counsel was provided with clarification during the meet and confer. Lakeview requests identification of all sums third parties owe to NRCC. All assets of NRCC are collectable whether they are in the hands of NRCC itself or in the hands of a third party. NRCC did not dispute that Lakeview is entitled to this discovery. NRCC's counsel advised that he had requested that his client provide responsive information for review and supplementation. Hone Decl. at ¶ 9.

*has an account or had an account for past four years and the approximate account balance for each.*

**RESPONSE:** *Objection. This request seeks information that is not proportional to the needs of the case nor does it seek information that is relevant to the issue of collection of any judgment entered in this case. The request is unduly burdensome and overly broad as to time. Without waiving the objections, the information is being compiled and this response will be supplemented.*

**INTERROGATORY NO. 6:** *Please identify all accounts receivable and accounts payable to Nelson-Ricks, the amounts for each account, and the names and addresses for each person or entity associated with each account.*

**RESPONSE:** *Objection. This request seeks information that is not proportional to the needs of the case nor does it seek information that is relevant to the issue of collection of any judgment entered in this case. The request is unduly burdensome and overly broad as to time. Without waiving the objection, this information pertaining to this Interrogatory is being compiled and this response will be supplemented.*

**INTERROGATORY NO. 7:** *Please identify all liabilities of Nelson-Ricks, including the names and addresses of all creditors, persons, and entities to whom you are indebted and any judgments that have been entered against you, the amounts owed, and any payment arrangements.*

**RESPONSE:** *Objection. This request seeks information that is not proportional to the needs of the case nor does it seek information that is relevant to the issue of collection of any judgment entered in this case. The request is unduly burdensome and overly broad as to time. Without waiving the objections, liabilities may include some money owed for packaging materials, rent, payroll, and taxes, to the extent anything is owed. The specific amounts and other appropriate, responsive information is being compiled and this response will be supplemented.*

*\* \* \**

**REQUEST FOR PRODUCTION NO. 1:** *All financial institution (bank, savings and loan, credit union, brokerage house) records, including, but not limited to, monthly statements and canceled checks, for all accounts of Nelson-Ricks for the past four years.*

**RESPONSE:** *Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. The request seeks information protected by attorney-client privilege and work product. Without waiving the objections, responsive information is being compiled and this response will be supplemented.*

**REQUEST FOR PRODUCTION NO. 7:** *All federal and state income tax returns with all attachments for the past four years for Nelson-Ricks.*

*RESPONSE: Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. The scope of the request is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. Without waiving the objections, NRCC will request its finalized tax returns and supplement this response.*

**REQUEST FOR PRODUCTION NO. 8:** *All certificates of deposit, bonds, promissory notes, drafts, bills of exchange, warehouse receipts, bills of lading, documents of title and other commercial paper in Nelson-Ricks' favor, signed by Nelson-Ricks, or endorsed by same for the past four years.*

*RESPONSE: Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. The scope of the request is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. Without waiving the objections, responsive information is being compiled and will be supplemented.*

**REQUEST FOR PRODUCTION NO. 12:** *All company ledgers, financial books, operating agreements, Articles of Organization or Incorporation, partnership agreements, or other business entity formation documents of Nelson-Ricks, its predecessors or successors in interest for the past four years.*

*RESPONSE: Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. Without waiving the objections, the Articles of Incorporation for NRCC are available online as public records.*

**REQUEST FOR PRODUCTION NO. 14:** *All accounts receivable and accounts payable for Nelson-Ricks for the past three years.*

*RESPONSE: Objection. This request is overly broad, unduly burdensome as to time and scope, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. Without waiving the objections, the information is being compiled and this response will be supplemented.*

**REQUEST FOR PRODUCTION NO. 16:** *All contracts underlying the accounts receivable and accounts payable for Nelson-Ricks for the past three years.*

*RESPONSE: Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. The request seeks information of third-parties who are neither privy nor party to this litigation. In seeking discovery related to third-parties who are not judgment debtors, the judgment creditor's discovery efforts appear to be deliberately calculated to annoy, embarrass, oppress, and harass, and/or secure an improper competitive advantage by*

*obtaining confidential information about Nelson-Ricks's customers that is not relevant to the issue of the collection of any judgment. Such actions only serve to unduly and unreasonable increase the expense and burden of this litigation.*

**REQUEST FOR PRODUCTION NO. 18:** *All contracts between Nelson-Ricks and its salaried employees, executives, managers, owners, shareholders, and principals.*

**RESPONSE:** *Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. The request seeks information of third-parties who are neither privy nor party to this litigation. In seeking discovery related to third-parties who are not judgment debtors, the judgment creditor's discovery efforts appear to be deliberately calculated to annoy, embarrass, oppress, and harass. The confidential financial information of employees, executives and managers who are neither owners, shareholders, nor principals, is not relevant to the issue of the collection of any judgment. Such actions only serve to unduly and unreasonable increase the expense and burden of this litigation. Without waiving the objections, to the extent relevant to the issue of the collection of any judgment and not otherwise objectionable, this information is being compiled and the response will be supplemented to the extent responsive documents are identified.*

**REQUEST FOR PRODUCTION NO. 22:** *All documents and communications identifying or evidencing the assets currently owned by Nelson-Ricks, including, but not limited to, real estate, equipment, intellectual property, and inventory.*

**RESPONSE:** *Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. The request seeks information protected by attorney-client privilege and work product. Without waiving the objections, NRCC owns no real estate or equipment. NRCC registered the trademark at issue in the case. Information pertaining to the inventory is being compiled and will be supplemented.*

*See* Exhibits 1-A and 1-B to Hone Decl.

**Counsel Met and Conferred**

Counsel for the parties met and conferred on August 23, 2019 by telephone. Hone Decl. at ¶ 7. Counsel conferred in good faith regarding the dispute, but were unable to reach an agreement to resolve Lakeview's concerns. *Id.*

During this conference, NRCC's counsel represented that he had requested responsive information and documents from Greenberg but that counsel could not advise when he expected

8

to receive the responsive information and documents from his client or when he could provide supplemental discovery responses. *Id.* at ¶ 8. NRCC's counsel did not offer a legitimate reason—or any reason—for his client's delay. The only reason for delay appears to be NRCC's willful failure to cooperate in the discovery process.

Further, on August 30, 2019, the parties participated in the Court's informal discovery dispute conference. *Id.* at ¶ 14. A resolution to the instant dispute was not achieved during this conference. *Id.* At that time, Lakeview advised that NRCC had left it with no choice but to file a motion to compel. *Id.*

Lakeview has generously provided NRCC an additional few weeks since the discovery dispute conference, during which time NRCC could have supplemented its answers to the discovery requests at issue and resolve this dispute. Unfortunately, NRCC continues to fail and refuse to cure its deficient discovery responses, necessitating the filing of the instant motion.

### III.   ARGUMENT

#### A. Legal Standard for Motion to Compel

Under the Federal Rules of Civil Procedure, NRCC must answer interrogatories and produce documents within 30 days of service of Lakeview's discovery requests. Fed. R. Civ. P. 33(b)(1)-(2); *Id.* at 34(b)(2)(A). NRCC must answer each interrogatory fully, unless it objects. NRCC's grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived. *Id.* at 33(b)(1)-(4). For requests for production, NRCC must produce the requested documents unless it objects. NRCC must specify the grounds for objecting and reasons. *Id.* at 34(b)(2)(B).

It is appropriate for courts to compel discovery when a party fails to answer interrogatories or to produce documents, whether in whole or in part. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv), (a)(4). The party moving for an order to compel must make a threshold

showing of relevance. *Falk v. HP Inc.*, No. 1:17-CV-00401-BLW, 2018 WL 3636536, at *1 (D. Idaho July 31, 2018) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978)). Then, "the party resisting discovery carries the 'heavy burden' of showing specifically why the discovery request is irrelevant, unduly burdensome, disproportional to the needs of the case, or otherwise improper." *Id*. (citing *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975)).

The moving party must also certify that it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). As more fully detailed in the Declaration of Eric Hone submitted herewith, Lakeview certifies that it conferred in good faith with NRCC regarding the requested discovery.

### B. The Court Should Compel NRCC to Provide Supplemental Answers to Interrogatory Nos. 2, 5, 6, and 7

NRCC did not object to providing substantive answers to Interrogatory Nos. 2, 5, 6, and 7. On the contrary, NRCC agreed to answer them by representing in the answers that NRCC was compiling responsive information and would supplement. Further, during the meet and confer with counsel, NRCC's counsel advised that NRCC did not dispute Lakeview's entitlement to this basic collections discovery. Therefore, a court order compelling these answers is proper. Fed. R. Civ. P. 33(b)(4); *Bostrom v. PNC Bank, N.A.*, No. 115CV00102EJLCWD, 2016 WL 3211810, at *4 n.11 (D. Idaho June 9, 2016) ("Because the deadline for the Bostroms to respond to PNC Bank's written discovery requests has long expired, the Bostroms have waived the opportunity to raise objections to these requests [during PNC's motion to compel].").

Rule 69 of the Federal Rules of Civil Procedure authorizes post-judgment discovery, providing that "[i]n aid of the judgment or execution, the judgment creditor … may obtain

10

discovery from any person as provided in these rules….") FRCP 69(a)(2). Here, the information sought via the interrogatories at issue, *i.e.*, debts owed to NRCC by third parties (No. 2), bank account information (No. 5), accounts receivables and payables (No. 6), and liabilities (No. 7), is plainly relevant to Lakeview's efforts to collect upon its judgment.

Nor does NRCC dispute Lakeview's entitlement to this information. Rather, NRCC has simply refused to follow through on its representation to provide supplemental responses to these interrogatories.

Therefore, the court should grant an order compelling NRCC to provide adequate answers to Interrogatory Nos. 2, 5, 6, and 7.

### C. The Court Should Compel NRCC to Provide Supplemental Responses to Document Request Nos. 1, 7, 8, 12, 14, and 22

Just like the interrogatories at issue, NRCC provided grossly deficient responses to document requests. Indeed, NRCC did not produce even a single page of documents.

With respect to Request for Production Nos. 1, 7, 8, 12, 14, and 22, NRCC represented that it was compiling responsive documentation and would supplement. These requests are all relevant to Lakeview's efforts to identify NRCC's assets and collect upon its judgment: No. 1 (bank records); No. 7 (tax records); No. 8 (commercial paper); No. 12 (company ledgers, financial books); No. 14 (accounts receivables, payables); No. 22 (asset related documentation).

Importantly, at no time prior to this motion, did NRCC specify any grounds for objecting or reasons to refuse production. Quite the opposite. NRCC's counsel confirmed that NRCC does not dispute the relevance or production of this documentation to identify NRCC's assets. Counsel simply could not represent when his client would provide the documentation and, thus, could not commit to an agreed upon date to supplement.

Therefore, the Court should grant an order compelling the production of these documents.

### D. The Court Should Compel NRCC to Respond to Request Nos. 16 and 18

NRCC objected to Request for Production Nos. 16 and 18. These requests seek documentation evidencing the company's assets and liabilities as requested in Request No. 16 (contracts underlying accounts receivables, payables) and Request No. 18 (contracts between NRCC and its managers, owners, principles, key employees). NRCC objected on numerous grounds including relevancy, proportionality, breadth, burden, and concerns regarding the confidentiality of third-party information.

These requests are relevant, as Lakeview is entitled to the documentation that verifies NRCC's assets or stated lack thereof. Nor are NRCC's objections valid. Lakeview should not have to simply take NRCC at its word regarding its purported lack of assets, especially given Greenberg's propensity to abuse the legal process and surreptitious efforts to sell the cheese factory, equipment, and intellectual property as a "turnkey" operation. To the extent NRCC has concerns regarding the confidentiality of third party information or customer information, the Court has entered an appropriate protective order to safeguard such information.

In sum, the Court should grant an order compelling the production of these documents.

### E. The Court Should Sanction NRCC and Award Lakeview Its Attorneys' Fees Incurred in Bringing This Motion

In granting Lakeview's motion to compel, the Court should also award Lakeview its costs and attorneys' fees incurred in bringing this motion. *Bostrom*, 2016 WL 3211810, at *6 ("Here, the Court is granting the motion to compel, and thus, must award reasonable attorney's fees and costs unless one of the above exceptions applies.").

Under Federal Rule of Civil Procedure 37,

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--*the court must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both *to pay the movant's reasonable*

> *expenses incurred in making the motion, including attorney's fees.* But the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5) (emphasis added).

In *Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1156-57 (9th Cir. 2003), *as amended on denial of reh'g* (Apr. 24, 2003), a district court did not abuse its discretion in awarding attorney's fees to a plaintiff because the defendant's failure to produce documents was willful and the defendant's objections were not substantially justified. *See also Keithley v. Homestore.com, Inc.*, No. C-03-04447 SI (EDL), 2009 WL 55953, at *4 (N.D. Cal. Jan. 7, 2009) (costs and attorney's fees were awarded when a "plaintiffs' production of documents from their hard drive was not only late, thereby necessitating the hard drive request in the first place, but was also partially deficient, thereby causing Defendants to file the motion to compel.").

In this case, none of the Rule 37(a)(5) exceptions apply. Lakeview attempted in good faith to obtain this information prior to this motion by communicating with NRCC's counsel via email, engaging in a telephonic meet and confer, and participating in the Court's informal discovery dispute conference procedure.

NRCC's failure to complete discovery is not substantially justified because, as to the majority of discovery requests at issue, NRCC did not object to production and, in fact, agreed to provide this information, but refused to actually follow through. Further, an award of expenses is not unjust given (1) Lakeview's good faith attempts to obtain this information without necessitating a court order, and (2) NRCC agreed to provide the requested discovery, but refused to commit to a timeframe in which to do so, necessitating this motion.

Therefore, the Court should award Lakeview its costs and attorney's fees for this motion. Lakeview will submit an application for fees upon the Court's request or upon entry of an order by the Court disposing of the instant motion and authorizing the filing of a fee application.

## IV.     CONCLUSION

For the foregoing reasons, Lakeview respectfully requests this Court enter an order:

1. Compelling NRCC to provide adequate answers to Interrogatory Nos. 2, 5, 6, and 7 and Requests for Production Nos. 1, 7, 8, 12, 14, 16, 18, and 22; and

2. Awarding Lakeview its reasonable attorneys' fees incurred in bringing this motion.

DATED this 18th day of September 2019.

**H1 LAW GROUP**

_____
Eric D. Hone, ISB No. 5699
Email: eric@h1lawgroup.com
701 N Green Valley Pkwy, Suite 200
Henderson, Nevada 89074
Telephone: (702) 608-3720
Facsimile: (702) 608-3759

and

**RUCHTI & BECK LAW OFFICES**
James D. Ruchti, ISB No. 6366
Email: james@idaholaw.us
Oakley Building
1950 E. Clark Street, Suite 200
Pocatello, Idaho 83201
Telephone: (208) 478-5100
Facsimile: (208) 232-5100

*Attorneys for Defendant/Judgment Creditor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of September 2019, I caused the foregoing to be filed electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

John M. Avondet
Jared W. Allen
Beard St. Clair
520 First American Circle
Rexburg, Idaho 83440
Email: javondet@beardstclair.com
Email: allen@beardstclair.com

*Attorneys for Nelson-Ricks Cheese Company*

_____
An employee of H1 Law Group