# EXHIBIT 1

**H1 LAW GROUP**
Eric D. Hone, ISB No. 5699
Email:  eric@h1lawgroup.com
701 N Green Valley Pkwy, Suite 200
Henderson, Nevada 89074
Telephone: (702) 608-3720
Facsimile: (702) 608-3759

**RUCHTI & BECK LAW OFFICES**
James D. Ruchti, ISB No. 6366
Email: james@idaholaw.us
Oakley Building
1950 E. Clark Street, Suite 200
Pocatello, Idaho 83201
Telephone: (208) 478-5100
Facsimile: (208) 232-5100

*Attorneys for Defendant/Judgment Creditor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation, | ) ) | Case No.  4:16-cv-00427-DCN |
| | ) | **DECLARATION OF ERIC D. HONE** |
| Plaintiff/Judgment Debtor, | ) | **IN SUPPORT OF DEFENDANT/** |
| v. | ) | **JUDGMENT CREDITOR LAKEVIEW** |
| | ) | **CHEESE COMPANY, LLC'S MOTION** |
| LAKEVIEW CHEESE COMPANY, LLC, a | ) | **TO COMPEL** |
| Nevada limited liability company, | ) | |
| | ) | |
| Defendant/Judgment Creditor. | ) | |
| | ) | |

I, Eric D. Hone, being first duly sworn, hereby state:

1.      I am an attorney of record for Defendant/Judgment Creditor Lakeview Cheese

Company, LLC ("Lakeview") in the above-captioned matter.  I am duly licensed to practice law

in the State of Idaho, and have personal knowledge of all facts addressed herein, except for those

matters stated upon information and belief, and as to those matters, I believe them to be true, and

if called upon to testify, could and would do so.

1

2.      I make this declaration in support of Defendant/Judgment Creditor Lakeview Cheese Company, LLC's Motion to Compel.

3.      On or about July 12, 2019, Lakeview served its First Set of Post-Judgment Interrogatories and First Set of Post-Judgment Requests for Production on NRCC.  On or about August 16, 2019, NRCC served its responses to same.

4.      Attached hereto as Exhibit 1-A is a true and correct copy of NRCC's Responses to Lakeview's First Set of Post-Judgment Interrogatories.

5.      Attached hereto as Exhibit 1-B is a true and correct copy of NRCC's Responses to Lakeview's First Set of Post-Judgment Requests for Production.

6.      On or about August 20, 2019, I emailed Mr. John Avondet, counsel for NRCC, to request a meet and confer conference to discuss the numerous deficiencies in NRCC's responses and objections to Lakeview's discovery requests.  A true and correct copy of the email chain addressing NRCC's deficient discovery requests, including this email request for a meet and confer conference, is attached hereto as Exhibit 1-C.

7.      On the morning of August 23, 2019, I participated in a telephonic meet and confer conference with Mr. Avondet.  I represent that counsel for the parties conferred in good faith regarding the dispute, but were unable to reach a resolution.

8.      During this conference, Mr. Avondet confirmed that NRCC did not dispute that Lakeview was entitled to the information and documentation which NRCC had represented it was in the process of compiling and would supplement in its discovery responses.  Those specific interrogatories and requests for production are the following:  Interrogatory Nos. 5, 6, and 7, and Request for Production Nos. 1, 7, 8, 12, 14, and 22.

9.      With respect to Interrogatory No. 2, I provided clarification that Lakeview sought identification of all sums third parties owe to NRCC by way of this interrogatory.  NRCC did not dispute that Lakeview is entitled to this discovery and intended to supplement this response.

10.      When pressed for a commitment of when NRCC would supplement the above-referenced interrogatories and requests for production, Mr. Avondet represented that he had requested responsive information and documents from Michael Greenberg, NRCC's principal and President, but that he could not advise when he expected to receive the responsive information and documents from his client or when he could provide supplemental discovery responses.

11.      As to NRCC's objections to Request for Production Nos. 16 and 18, Mr. Avondet and I discussed NRCC's objections to these requests including relevancy, proportionality, breadth, burden, and concerns regarding the confidentiality of third-party information.  We conferred in good faith, but were unable to resolve the dispute as to Request Nos. 16 and 18.  Lakeview maintains that the documentation requested is relevant and should be produced.  NRCC maintains its objections.

12.      At the conclusion of our conference, I requested that Mr. Avondet follow up with me that same day to provide a date certain by which NRCC would agree to supplement discovery responses.  Otherwise, I represented that Lakeview would initiate the Court's informal discovery dispute procedure to address the instant dispute.

13.      On the afternoon of August 23, 2019, Mr. Avondet sent a follow-up email advising that he could not commit to a date certain in which NRCC would supplement its discovery responses.  Specifically, Mr. Avondet advised:

> I won't be able to provide you with a date certain next week when my client can provide information we discussed during our phone call. As I mentioned on the call, I have asked for the information but do not have it nor do I know when I will

receive it. If you move forward with a motion to compel or some discovery resolution process, I won't object based on failure to meet and confer. I think you've met your obligations under the rule.

*See* Exhibit 1-C attached hereto.

14.     On August 30, 2019, I participated in a conference call with counsel and Bennett Briggs, law clerk to Judge Nye, regarding the instant dispute.  The parties did not achieve resolution of the dispute during the conference.  As no resolution was reached, I advised that Lakeview intended to file a motion to compel.

I declare under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct.

EXECUTED this 18th day of September 2019.

_____
ERIC D. HONE

EXHIBIT 1-A

John M. Avondet, ISB No. 7438
Jared W. Allen, ISB No. 5739
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, ID  83404-7495
Telephone: (208) 523-5171
Facsimile: (208) 529-9732
Email: javondet@beardstclair.com
         allen@beardstclair.com

Attorneys for the Plaintiff, Nelson-Ricks Cheese Company, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation,<br><br>         Plaintiff,<br>vs.<br><br>LAKEVIEW CHEESE COMPANY, LLC, a Nevada limited liability company,<br><br>         Defendant. | Case No.: 4:16-cv-00427-DCN<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF POST-JUDGMENT INTERROGATORIES |

The Plaintiff, Nelson-Ricks Cheese Company (NRCC), by and through its counsel of record, John M. Avondet and the law firm Beard St. Clair Gaffney PA, hereby responds to *Defendant/Judgment Creditor Lakeview Cheese Company, LLC's First Set of Post-Judgment Interrogatories to Plaintiff/Judgment Debtor Nelson-Ricks Cheese Company, Inc.* as follows:

## **INTERROGATORIES**

**INTERROGATORY NO. 1:** Please identify all persons who participated in answering these interrogatories and request for the production of documents served concurrently herewith.

**RESPONSE:** Michael Greenberg.

**INTERROGATORY NO. 2:**  If you owed or anticipate that you will be owed by any person, business, or entity please state the amount of money due, the date such sums are due or will become due, the nature of the debt, the name and address of each person, business, or entity, and identify any payment arrangements related to money owed.

**RESPONSE:** Objection. This request seeks information that is not proportional to the needs of the case nor does it seek information that is relevant to the issue of collection of any judgment entered in this case. The judgment debtor, for the time being, in this matter is NRCC and to the extent Lakeview is entitled to information available through discovery about its financial status it is restricted in scope to its financial ability to satisfy a judgment. The request is premature in light of the fact that the Ninth Circuit has heard oral argument and will, in due course, issue a decision on this matter. The request is ambiguous and overbroad as to who or what might, at some point in the future, owe money to NRCC at some point in the future. Thus, the request requires further clarification and limitation before a response can be formulated.

**INTERROGATORY NO. 3:** Please identify all corporations, partnerships, LLC'c, organizations, or other business entities affiliated with Nelson-Ricks through common management or shared ownership and describe the nature of that affiliation.

**RESPONSE:** Objection. This request seeks information that is not proportional to the needs of the case nor does it seek information that is relevant to the issue of collection of any judgment entered in this case. The judgment debtor, for the time being, in this matter is NRCC and to the extent Lakeview is entitled to information available through discovery about its financial status it is restricted in scope to its financial ability to satisfy a judgment. Information pertaining to any other organization or business entity is overbroad and does

not fall within the scope of discovery authorized under Rules 69 and 26 of the Federal Rules of Civil Procedure. It is also unclear what is intended by the word "affiliated." In seeking discovery related to third-parties who are not judgment debtors, the judgment creditor's discovery efforts appear to be deliberately calculated to annoy, embrass, oppress, and harass, and such actions only serve to unduly and unreasonable increase the expense and burden of this litigation. The request is premature in light of the fact that the Ninth Circuit has heard oral argument and will, in due course, issue a decision on this matter.

**INTERROGATORY NO. 4:** For every corporation, partnership, LLC, organization, or entity identified in <u>Interrogatory No. 3:</u>, *supra,* please describe who owns each entity, the percentage of ownership, and the principal officers of each.

**RESPONSE:** Please see response to Interrogatory No. 3.

**INTERROGATORY NO. 5:** Please state the names, address, and account number for every financial institution (bank, savings and loan, credit union, brokerage house) where Nelson-Ricks has an account or had an account for past four years and the approximate account balance for each.

**RESPONSE:** Objection. This request seeks information that is not proportional to the needs of the case nor does it seek information that is relevant to the issue of collection of any judgment entered in this case. The request is unduly burdensome and overly broad as to time. Without waiving the objections, the information is being compiled and this response will be supplemented.

**INTERROGATORY NO. 6:** Please identify all accounts receivable and accounts payable to Nelson-Ricks, the amounts for each account, and the names and addresses for each person or entity associated with each account.

**RESPONSE:** Objection. This request seeks information that is not proportional to the needs of the case nor does it seek information that is relevant to the issue of collection of any judgment entered in this case. The request is unduly burdensome and overly broad as to time. Without waiving the objection, this information pertaining to this Interrogagory is being compiled and this response will be supplemented.

**INTERROGATORY NO. 7:** Please identify all liabilities of Nelson-Ricks, including the names and addresses of all creditors, persons, and entities to whom you are indebted and any judgments that have been entered against you, the amounts owed, and any payment arrangements.

**RESPONSE:** Objection. This request seeks information that is not proportional to the needs of the case nor does it seek information that is relevant to the issue of collection of any judgment entered in this case. The request is unduly burdensome and overly broad as to time. Without waiving the objections, liabilities may include some money owed for packaging materials, rent, payroll, and taxes, to the extent anything is owed. The specific amounts and other appropriate, responsive information is being compiled and this response will be supplemented.

**INTERROGATORY NO. 8:** Please identify all real property (land, homes, buildings, real estate) owned in part or whole by Nelson-Ricks and each property, state the purchase price and date, lot and title number, assessor's parcel number, town, county, state, and nation where such real property exists.

**RESPONSE:** None.

**INTERROGATORY NO. 9:** Please identify all cheesemaking or cheese processing equipment with an estimated value of $500 or more owned in part or whole by Nelson-Ricks and for each item of equipment state the model number, purchase date,

purchase price, whether such equipment is encumbered by debt and the amount, and operability and current condition of each.

**RESPONSE:** None.

**INTERROGATORY NO. 10:** Please identify all leases of real or personal property in which Nelson-Ricks has an interest either as landlord, tenant, co-signor or otherwise.

**RESPONSE:** NRCC leases real property located in Madison County, Idaho.

**INTERROGATORY NO. 11:** If Nelson-Ricks purchased, owns, or owned during the last four years, or regularly used or leased, any automobiles, motorcycles, trucks, airplanes, recreational vehicles (RV's), all-terrain vehicles (ATV's), jet skis, boats, or trailers, please list the make, model, year, vehicle identification number (VIN), date of purchase, and the purchase price. If Nelson-Ricks no longer owns the vehicle(s), identify the date of sale, sale price, and the name and address of purchase.

**RESPONSE:** Objection. This request seeks information that is not proportional to the needs of the case nor does it seek information that is relevant to the issue of collection of any judgment entered in this case. The request is unduly burdensome and overly broad as to time. Without waiving the objections, none.

**INTERROGATORY NO. 12:** If Nelson-Ricks owns any membership interests, stocks, bonds, or other securities of any class in any company, firm, limited liability company, or corporation, whether foreign or domestic, please identify each such stock, bond, or other security by naming the entity issuing such security, and state the present value of each security.

**RESPONSE:** None.

**INTERROGATORY NO. 13:** Please state the name, address and telephone number of each person, company, business, corporation, partnership or any other entity from whom Nelson-Ricks has received cash, checks, loans, commissions, earnings, gifts, income, compensation, money or reimbursements and any other amount exceeding $500.00 during the past four years, and the amount of money that Nelson-Ricks has received from each such person, company, business, corporation, partnership or any other entity.

**RESPONSE:** Objection. This request is unduly burdensome, overly broad, and intended solely to harass the plaintiff/judgment debtor. It seeks information that is disproportionate to the needs of the case and that is not reasonably calculated to lead to the discovery of admissible evidence as to the collection of any judgment. The information of companies, business, individuals, partnerships or other entities who might have paid NRCC sums of $500.00 or more during the past four years is not relevant to whether NRCC has assets to satisfy any judgment that may be affirmed on appeal. The request seeks information of third-parties who are neither privy nor party to this litigation. In seeking discovery related to third-parties who are not judgment debtors, the judgment creditor's discovery efforts appear to be deliberately calculated to annoy, embrass, oppress, and harass, and/or secure an improper competitive advantage by obtaining confidential information about Nelson-Ricks's customers that is not relevant to the issue of the collection of any judgment. Such actions only serve to unduly and unreasonable increase the expense and burden of this litigation.

**INTERROGATORY NO. 14:** Please identify all transfers of money or assets in value of $500 or more in the past four years by Nelson-Ricks and state to whom, the date, and by what means each such transfer took place.

**RESPONSE:** Objection. This request is unduly burdensome, overly broad, and intended solely to harass the plaintiff/judgment debtor. It seeks information that is disproportionate to the needs of the case and that is not reasonably calculated to lead to the discovery of admissible evidence as to the collection of any judgment. The information of companies, business, individuals, partnerships or other entities who might have received transfers of money or assets of NRCC valued at $500.00 or more during the past four years is not relevant to whether NRCC has assets to satisfy any judgment that may be affirmed on appeal. The request seeks information of third-parties who are neither privy nor party to this litigation. In seeking discovery related to third-parties who are not judgment debtors, the judgment creditor's discovery efforts appear to be deliberately calculated to annoy, embrass, oppress, and harass. The confidential financial information of employees, suppliers, creditors, and other third-parties who are neither owners, shareholders, nor principals of Nelson-Ricks, is not relevant to the issue of the collection of any judgment. Such actions only serve to unduly and unreasonable increase the expense and burden of this litigation.

**INTERROGATORY NO. 15:** Please describe the organizational and ownership structure pertaining to Nelson-Ricks.

**RESPONSE:** Michael Greenberg is the president/CEO of the company and owns shares in NRCC.

**INTERROGATORY NO. 16:** Please identify all of Nelson-Ricks' assets valued at $500 or more, to the extent not already identified by answering the forgoing Interrogatories.

**RESPONSE:** Objection. This request is unduly burdensome, overly broad, and intended solely to harass the plaintiff/judgment debtor. It seeks information that is

disproportionate to the needs of the case and that is not reasonably calculated to lead to the discovery of admissible evidence as to the collection of any judgment. Without waiving the objections, NRCC routinely acquires milk from IFS and other ingredients to manufacture cheese.

**INTERROGATORY NO. 17:** Please identify all agents employed in the past four years to sell assets owned by Nelson-Ricks, including, but not limited to, real estate, equipment, intellectual property, and inventory.

**RESPONSE:** Objection. This request is unduly burdensome, overly broad, and intended solely to harass the plaintiff/judgment debtor. It seeks information that is disproportionate to the needs of the case and that is not reasonably calculated to lead to the discovery of admissible evidence as to the collection of any judgment. The request is ambiguous and it is unclear what is intended by the Interrogatory. Without waiving the objections, Michael Greenberg has acted within his role as the president of the company to sell cheese manufactured by NRCC.

**INTERROGATORY NO. 18:** Please describe all efforts to sell the facility where Nelson-Ricks conducted its operations in Rexburg, Idaho and related assets including, but not limited to, equipment, intellectual property, and inventory.

**RESPONSE:** NRCC does not own the facility where it conducts its operations in Idaho. As a result it has no information pertaining to the efforts to sell the facility.

DATED: August 16, 2019.

*/s/ John M. Avondet*
John M. Avondet
Of Beard St. Clair Gaffney PA
Attorneys for the Plaintiff

**VERIFICATION PAGE**

STATE OF CALIFORNIA

ss.

County of _____

      Michael Greenberg, being first duly sworn, upon oath, deposes and says that he is

the President of Nelson-Ricks Cheese Company, Inc., the Plaintiff identified in this

document, has read it, and believes the facts set forth are accurate and complete to the best

of his knowledge and belief.



Michael Greenberg

Subscribed and sworn to before me on August 21, 2019.

_Elizabeth V. Early_
Notary Public for State of California
Residing at: 466 Foothill Blvd La Cañada, CA 91011
My Commission expires: March 2, 2021
(SEAL)

> ELIZABETH V. EARLY
> Notary Public – California
> Los Angeles County
> Commission # 2184714
> My Comm. Expires Mar 2, 2021

Plaintiff's Response to Defendant's First Set of Post-Judgment Interrogatories - 9

## CERTIFICATE OF SERVICE

I certify I am a licensed attorney in the state of Idaho, I have my office in Idaho

Falls, Idaho, and on August 16, I served a true and correct copy of the *Plaintiff's Response*

*to Defendant's First Set of Post-Judgment Interrogatories* upon the following by the

method of delivery designated:

James D. Ruchti                    ☑ Email
Ruchti & Beck Law Offices
1950 E. Clark St., Suite 200
Pocatello, Idaho 83201

Eric D. Hone                       ☑ Email
H1 Law Group
701 N Green Valley Pkwy, Suite 200
Henderson, NV 89074


*/s/ John M. Avondet*
John M. Avondet
Of Beard St. Clair Gaffney PA
Attorneys for the Plaintiff

EXHIBIT 1-B

John M. Avondet, ISB No. 7438
Jared W. Allen, ISB No. 5739
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, ID  83404-7495
Telephone: (208) 523-5171
Facsimile: (208) 529-9732
Email: javondet@beardstclair.com
        allen@beardstclair.com

Attorneys for the Plaintiff, Nelson-Ricks Cheese Company, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

|  |  |
|---|---|
| NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation,<br><br>        Plaintiff,<br>vs.<br><br>LAKEVIEW CHEESE COMPANY, LLC, a Nevada limited liability company,<br><br>        Defendant. | Case No.: 4:16-cv-00427-DCN<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF POST-JUDGMENT REQUESTS FOR PRODUCTION |

The Plaintiff, Nelson-Ricks Cheese Company, Inc. (NRCC), by and through its counsel of record, John M. Avondet and the law firm Beard St. Clair Gaffney PA, hereby responds to *Defendant/Judgment Creditor Lakeview Cheese Company, LLC's First Set of Post-Judgment Requests for Production to Plaintiff/Judgment Debtor Nelson-Ricks Cheese Company, Inc.* as follows:

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:** All financial institution (bank, savings and loan, credit union, brokerage house) records, including, but not limited to, monthly statements and canceled checks, for all accounts of Nelson-Ricks for the past four years.

Plaintiff's Response to Defendant's First Set of Post-Judgment Requests for Production -
**1**

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. The request seeks information protected by attorney-client privilege and work product. Without waiving the objections, responsive information is being compiled and this response will be supplemented.

**REQUEST FOR PRODUCTION NO. 2:** All financial institution (bank, savings, and loan, credit union, brokerage house) records, including but not limited to, monthly statements and canceled checks, for all accounts upon which Nelson-Ricks owners, had signing authority and used to pay the expenses of Nelson-Ricks for the past four years.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. The request seeks information protected by attorney-client privilege and work product. As a judgment creditor, for the time being, Lakeview may only seek discovery pertaining to assets owned by the judgment debtor, NRCC. To the extent the request seeks information about accounts for NRCC owners, the request is overly broad and unduly burdensome and beyond the scope of discovery authorized by Rules 26 and 69 of the Federal Rules of Civil Procedure. In seeking discovery related to third-parties who are not judgment debtors, the judgment creditor's discovery efforts appear to be deliberately calculated to annoy, embrass, oppress, and harass, and such actions only serve to unduly and unreasonable increase the expense and burden of this litigation. Personal accounts are not subject to discovery.

Plaintiff's Response to Defendant's First Set of Post-Judgment Requests for Production -

**REQUEST FOR PRODUCTION NO. 3:** All records, transcripts, copies, or receipts of any transfer of any amount of money over $500 in the past four years to or from Nelson-Ricks.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. NRCC is an ongoing business concern and has actively engaged in business since its formation over five years ago. Historical AP and AR data is not relevant, proportional to the case, or reasonably calculated to lead to the discovery of admissible evidence. The request is also ambiguous and unintelligible. The request seeks information protected by attorney-client privilege and work product. Without further limitation or clarification, no appropriate response can be formulated.

**REQUEST FOR PRODUCTION NO. 4:** All records, ledgers, books, checks, stubs, receipts of expenditure, evidence of income, written instruments, documents and memoranda of every kind and description, including but not limited to, W-2 forms and 1099 forms, relating to cash, checks, loans, commissions, earnings, gifts, income, compensation, money or reimbursements issued to or from Nelson-Ricks or its owners in relation to Nelson-Ricks or its owner in relation to Nelson-Ricks in the past four years.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. The request seeks information protected by attorney-client privilege and work product. As a judgment creditor, for the time being, Lakeview may only seek discovery pertaining to assets owned by the judgment debtor, NRCC. To the extent the request seeks information about NRCC owners, the request is overly broad and unduly burdensome and beyond the scope of

Plaintiff's Response to Defendant's First Set of Post-Judgment Requests for Production -

**3**

discovery authorized by Rules 26 and 69 of the Federal Rules of Civil Procedure. In seeking discovery related to third-parties who are not judgment debtors, the judgment creditor's discovery efforts appear to be deliberately calculated to annoy, embrass, oppress, and harass, and such actions only serve to unduly and unreasonable increase the expense and burden of this litigation.  Personal accounts are not subject to discovery.

**REQUEST FOR PRODUCTION NO. 5:** All deeds, grant deeds of trust, land sale contracts, leases, and mortgages relating to any real property located in the State of Idaho or located outside the State of Idaho that Nelson-Ricks presently has an interest in or has had an interest or obligation during the past four years.

**RESPONSE:** NRCC leases property in Madison County, Idaho.

**REQUEST FOR PRODUCTION NO. 6:** All deeds, grant deeds of trust, land sale contracts, leases and mortgages relating to any real property located in the State of Idaho or located outside the State of Idaho purchased in whole or in part by funds connected to Nelson-Ricks during the past four years.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. The request seeks information protected by attorney-client privilege and work product. It is unclear what is intended by seeking information about real property purchased with funds "connected to Nelson-Ricks" or what that phrase even means. Such a request is overly broad, ambiguous, and unduly burdensome, and seeks information that is not in NRCC's possession or control.

Plaintiff's Response to Defendant's First Set of Post-Judgment Requests for Production -

**REQUEST FOR PRODUCTION NO. 7:** All federal and state income tax returns with all attachments for the past four years for Nelson-Ricks.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. The scope of the request is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. Without waiving the objections, NRCC will request its finalized tax returns and supplement this response.

**REQUEST FOR PRODUCTION NO. 8:** All certificates of deposit, bonds, promissory notes, drafts, bills of exchange, warehouse receipts, bills of lading, documents of title and other commercial paper in Nelson-Ricks' favor, signed by Nelson-Ricks, or endorsed by same for the past four years.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. The scope of the request is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. Without waiving the objections, responsive information is being compiled and will be supplemented.

**REQUEST FOR PRODUCTION NO. 9:** All business licenses relating to any business enterprise operating in lieu of, in succession to, by, or on behalf of Nelson-Ricks.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. Without

Plaintiff's Response to Defendant's First Set of Post-Judgment Requests for Production -

waiving the objections, NRCC is licensed to do business. It is unclear what else is intended by this request.

**REQUEST FOR PRODUCTION NO. 10:** All records and monthly statements showing mutual funds, stocks, bonds, certificates of deposits, money market accounts, securities of any type, entities and notes Nelson-Ricks has any interest in or paid for in part or in whole by Nelson-Ricks in the past four years.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. The request seeks information protected by attorney-client privilege and work product. Such a request is overly broad, ambiguous, and unduly burdensome, and seeks information that is not in NRCC's possession or control..

**REQUEST FOR PRODUCTION NO. 11:** All books and records (including, but not limited to, partnership agreements, operating agreements and Articles of Organization) of any business entity in which Nelson-Ricks has been a partner, member, manager, or owner in the past four years.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 12:** All company ledgers, financial books, operating agreements, Articles of Organization or Incorporation, partnership agreements, or other business entity formation documents of Nelson-Ricks, its predecessors or successors in interest for the past four years.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks

Plaintiff's Response to Defendant's First Set of Post-Judgment Requests for Production -

information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. Without waiving the objections, the Articles of Incorporation for NRCC are available online as public records.

**REQUEST FOR PRODUCTION NO. 13:**  All stock or share certificates, minutes, resolutions and listing of managers, members, owners, shareholders, partners trustee, officers or directors of Nelson-Ricks, or any corporation, partnership, company or trust that Nelson-Ricks has affiliated with through ownership or management in the past four years.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. The request seeks information protected by attorney-client privilege and work product. Without waiving the objections, Michael Greenberg is a shareholder in NRCC.

**REQUEST FOR PRODUCTION NO. 14:**  All accounts receivable and accounts payable for Nelson-Ricks for the past three years.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome as to time and scope, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. Without waiving the objections, the information is being compiled and this response will be supplemented.

**REQUEST FOR PRODUCTION NO. 15:** All contracts underlying the accounts receivable and accounts payable for Nelson-Ricks for the past three years.

**RESPONSE:** Please see response to Request No. 16 as this request is identical to Request for Production No. 16.

**REQUEST FOR PRODUCTION NO. 16:** All contracts underlying the accounts receivable and accounts payable for Nelson-Ricks for the past three years.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. The request seeks information of third-parties who are neither privy nor party to this litigation. In seeking discovery related to third-parties who are not judgment debtors, the judgment creditor's discovery efforts appear to be deliberately calculated to annoy, embrass, oppress, and harass, and/or secure an improper competitive advantage by obtaining confidential information about Nelson-Ricks's customers that is not relevant to the issue of the collection of any judgment. Such actions only serve to unduly and unreasonable increase the expense and burden of this litigation.

**REQUEST FOR PRODUCTION NO. 17:** All documents and communication relating to efforts to sell the facility where Nelson-Ricks conducts its operations in Rexburg, Idaho, including but not limited to, documentation with Harry Davis & Co listing assets for sale.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible

Plaintiff's Response to Defendant's First Set of Post-Judgment Requests for Production -

evidence or evidence that is relevant to the issue of collection of any judgment. The request

seeks information protected by attorney-client privilege and work product. Without

waiving the objections, NRCC does not own the facility where it operates and has no

information/knowledge pertaining to any efforts to sell the facility located in Rexburg,

Idaho. In seeking discovery related to third-parties who are not judgment debtors, the

judgment creditor's discovery efforts appear to be deliberately calculated to annoy,

embrass, oppress, and harass, and such actions only serve to unduly and unreasonable

increase the expense and burden of this litigation.

**REQUEST FOR PRODUCTION NO. 18:** All contracts between Nelson-Ricks

and its salaried employees, executives, managers, owners, shareholders, and principals.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not

proportional to the needs of the case. It is ambiguous and unintelligible. It seeks

information that is not reasonably calculated to lead to the discovery of admissible

evidence or evidence that is relevant to the issue of collection of any judgment. The request

seeks information of third-parties who are neither privy nor party to this litigation. In

seeking discovery related to third-parties who are not judgment debtors, the judgment

creditor's discovery efforts appear to be deliberately calculated to annoy, embrass, oppress,

and harass. The confidential financial information of employees, executives and managers

who are neither owners, shareholders, nor principals, is not relevant to the issue of the

collection of any judgment. Such actions only serve to unduly and unreasonable increase

the expense and burden of this litigation. Without waiving the objections, to the extent

relevant to the issue of the collection of any judgment and not otherwise objectionable, this

information is being compiled and the response will be supplemented to the extent

responsive documents are identified.

Plaintiff's Response to Defendant's First Set of Post-Judgment Requests for Production -

**9**

**REQUEST FOR PRODUCTION NO. 19:** Copies of all official or unofficial minutes of shareholder and board of director meetings for Nelson-Ricks for the past four years.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment.

**REQUEST FOR PRODUCTION NO. 20:** All company resolutions and authorizations by the shareholders, owners, or directors for the past four years on behalf of Nelson-Ricks.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment.

**REQUEST FOR PRODUCTION NO. 21:** All titles to cars, trucks, automobiles, vehicles, all terrain vehicles, and other motorized vehicles used on behalf of Nelson-Ricks and to conduct the business of Nelson-Ricks in the past four years.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. To the extent that Lakeview has any rights to information pursuant to Rules 69 and 26 of the Federal Rules of Civil Procedure, it may only seek information about assets owned by NRCC, as the judgment debtor for the time being. Information about vehicles used on

Plaintiff's Response to Defendant's First Set of Post-Judgment Requests for Production -

behalf of NRCC, irrespective of whether NRCC owns title to those vehicles, does not fall within the scope of discoverable information under Rule 26. Without waiving the objections, none.

**REQUEST FOR PRODUCTION NO. 22:** All documents and communications identifying or evidencing the assets currently owned by Nelson-Ricks, including, but not limited to, real estate, equipment, intellectual property, and inventory.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or evidence that is relevant to the issue of collection of any judgment. The request seeks information protected by attorney-client privilege and work product. Without waiving the objections, NRCC owns no real estate or equipment. NRCC registered the trademark at issue in the case. Information pertaining to the inventory is being compiled and will be supplemented.

**REQUEST FOR PRODUCTION NO. 23:**  All documents and communications evidencing efforts to sell any assets owned by Nelson-Ricks, including but not limited to, real estate, equipment, intellectual property, and inventory, in the past four years.

**RESPONSE:** Please see response to Request No. 17.

**REQUEST FOR PRODUCTION NO. 24:** All documents and communications evidencing any transfer of assets owned by Nelson-Ricks, including but not limited to, real estate, equipment, intellectual property, and inventory, in the past four years.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible

Plaintiff's Response to Defendant's First Set of Post-Judgment Requests for Production -

evidence. The request is overly burdensome in light of the fact that NRCC has been an ongoing business concern since its formation over five years ago. Asking for inventory sales that occurred up to four years in the past is not reasonably calculated to lead to the discovery of admissible evidence pertaining to the collection of any judgment under Rules 69 and 26 of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 25:** All documents and communications related to the value or appraisal of Nelson-Ricks' current assets, including, but not limited to, real estate, equipment, intellectual property, and inventory.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 26:** All documents, including but not limited to, organizational charts, ownership documents, and management agreements, evidencing the relationship between Nelson-Ricks and the following entities: NRCC Asset Acquisition, LLC; Greenberg Cheese Company; Big Daddy Racing, LLC, BDR Marketing, LLC, WRACRZZ, LLC, Banquet Cheese Company, Inc., Dairy Commodities, Inc., and Fanara Greenberg Properties, LLC.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objections, information is being compiled and this response may be supplemented with any responsive information.

**REQUEST FOR PRODUCTION NO. 27:** All trust agreements in which Nelson-Ricks is identified as a trustor, trustee, or beneficiary.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 28:** All documents identified or relied upon in preparing answers to the Interrogatories served concurrently herewith.

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and not proportional to the needs of the case. It is ambiguous and unintelligible. It seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objections, information is being compiled and this response may be supplemented with any responsive information.

DATED: August 16, 2019.

*/s/ John M. Avondet*
John M. Avondet
Of Beard St. Clair Gaffney PA
Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

I certify I am a licensed attorney in the state of Idaho, I have my office in Idaho

Falls, Idaho, and on August 16, 2019, I served a true and correct copy of the *Plaintiff's*

*Response to Defendant's First Set of Post-Judgment Requests for Production* upon the

following by the method of delivery designated:

James D. Ruchti                    ☑ Email
Ruchti & Beck Law Offices
1950 E. Clark St., Suite 200
Pocatello, Idaho 83201

Eric D. Hone                       ☑ Email
H1 Law Group
701 N Green Valley Pkwy, Suite 200
Henderson, NV 89074


*/s/ John M. Avondet*
John M. Avondet
Of Beard St. Clair Gaffney PA
Attorneys for the Plaintiff

# EXHIBIT 1-C

| | |
|---|---|
| **From:** | John M. Avondet |
| **To:** | Eric Hone; Jared Allen |
| **Cc:** | James D. Ruchti (james@idaholaw.us); Bobbye Donaldson; Jamie Zimmerman |
| **Subject:** | Re: NRCC v. Lakeview Cheese |
| **Date:** | Friday, August 23, 2019 12:44:59 PM |

Eric:

Thanks for the phone call earlier. I appreciate your considering my concerns about the third party subpoenas and I respect your decision not to withdraw them. I believe we've adequately met and conferred over the subpoenas pursuant to the rule. If you disagree, please let me know.

As for some follow up issues:

Interrogatory No. 18: Mike has informed me that he will delist the facility for sale. Please note that the response to the interrogatory is limited to efforts to sell the facility, which is not owned by my client, and does not address the other "related assets". At worst, it may constitute an incomplete response. Nevertheless, I will get a supplemental response to you probably on Tuesday since I am out Monday on other matters.

Interrogatory No. 16: The Rog asks for assets valued at $500 or more. The trademark is an asset of NRCC. I have been unable to confirm whether the trademark has ever been "valued" but I will supplement for clarity and list it, reserving rights as to the valuation of the trademark itself. You'll note that the trademark is listed in the responses to the requests for production.

I won't be able to provide you with a date certain next week when my client can provide information we discussed during our phone call. As I mentioned on the call, I have asked for the information but do not have it nor do I know when I will receive it. If you move forward with a motion to compel or some discovery resolution process, I won't object based on failure to meet and confer. I think you've met your obligations under the rule.

Best,
John

**John M. Avondet**
 | Attorney
**2105 Coronado St | Idaho Falls, ID 83404**
DIRECT (208) 557-5208 | MAIN (208) 523-5171



This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

**From:** Eric Hone <eric@h1lawgroup.com>

**Date:** Thursday, August 22, 2019 at 4:54 PM
**To:** "John M. Avondet" <javondet@beardstclair.com>, Jared Allen <allen@beardstclair.com>
**Cc:** James Ruchti <james@idaholaw.us>, Bobbye Donaldson <bobbye@h1lawgroup.com>,
Jamie Zimmerman <jamie@h1lawgroup.com>
**Subject:** Re: NRCC v. Lakeview Cheese

John – Tomorrow, 10:30 a.m. MDT works.  We can use the dial-in info below:

(773) 231-9226

Meeting ID: 463 032 4772

**Eric Hone**
Attorney
**H1 Law Group**
701 N Green Valley Parkway, Suite 200
Henderson, Nevada 89074
www.H1LawGroup.com
p.  702-608-3747   f.  702-608-3759

This message may contain information that is private or confidential.
If you have received this message in error, please notify the sender and delete this email and attachments if any.

---

**From:** "John M. Avondet" <javondet@beardstclair.com>
**Date:** Thursday, August 22, 2019 at 12:43 PM
**To:** "eric@h1lawgroup.com" <eric@h1lawgroup.com>, Jared Allen <allen@beardstclair.com>
**Cc:** James Ruchti <james@idaholaw.us>, Bobbye Donaldson <bobbye@h1lawgroup.com>,
Jamie Zimmerman <jamie@h1lawgroup.com>
**Subject:** Re: NRCC v. Lakeview Cheese

Hi Eric:

How does 1030 Mountain time work?

Best,
John

**John M. Avondet**
 | Attorney
**2105 Coronado St | Idaho Falls, ID 83404**
DIRECT (208) 557-5208 | MAIN (208) 523-5171



This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

**From:** Eric Hone <eric@h1lawgroup.com>
**Date:** Thursday, August 22, 2019 at 12:42 PM
**To:** "John M. Avondet" <javondet@beardstclair.com>, Jared Allen <allen@beardstclair.com>
**Cc:** James Ruchti <james@idaholaw.us>, Bobbye Donaldson <bobbye@h1lawgroup.com>,
Jamie Zimmerman <jamie@h1lawgroup.com>
**Subject:** Re: NRCC v. Lakeview Cheese

John – Following up again.  We need to get a conference set ASAP to discuss the Nelson-Ricks
responses.  Please let us know re. your availability tomorrow.

Thanks.

**Eric Hone**
Attorney
**H1 Law Group**
701 N Green Valley Parkway, Suite 200
Henderson, Nevada 89074
www.H1LawGroup.com
p.  702-608-3747   f.  702-608-3759

This message may contain information that is private or confidential.
If you have received this message in error, please notify the sender and delete this email and attachments if any.

**From:** "eric@h1lawgroup.com" <eric@h1lawgroup.com>
**Date:** Wednesday, August 21, 2019 at 10:34 PM
**To:** "John M. Avondet" <javondet@beardstclair.com>, Jared Allen <allen@beardstclair.com>
**Cc:** James Ruchti <james@idaholaw.us>, Bobbye Donaldson <bobbye@h1lawgroup.com>,
Jamie Zimmerman <jamie@h1lawgroup.com>
**Subject:** Re: NRCC v. Lakeview Cheese

John – Please let us know what times on Friday you or Jared can be available for a meet and confer
call re. the discovery responses.

Thanks.
Eric

**Eric Hone**

Attorney
**H1 Law Group**
701 N Green Valley Parkway, Suite 200
Henderson, Nevada 89074
[www.H1LawGroup.com](http://www.H1LawGroup.com)
p.  702-608-3747   f.  702-608-3759

This message may contain information that is private or confidential.
If you have received this message in error, please notify the sender and delete this email and attachments if any.

---

**From:** "John M. Avondet" <javondet@beardstclair.com>
**Date:** Wednesday, August 21, 2019 at 3:42 PM
**To:** "eric@h1lawgroup.com" <eric@h1lawgroup.com>, Jared Allen <allen@beardstclair.com>
**Cc:** James Ruchti <james@idaholaw.us>, Bobbye Donaldson <bobbye@h1lawgroup.com>, Jamie Zimmerman <jamie@h1lawgroup.com>
**Subject:** Re: NRCC v. Lakeview Cheese

Eric:

Please see attached.

Best,
John
**John M. Avondet**
 **| Attorney**
**2105 Coronado St | Idaho Falls, ID 83404**
DIRECT (208) 557-5208 | MAIN (208) 523-5171



This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

---

**From:** Eric Hone <eric@h1lawgroup.com>
**Date:** Tuesday, August 20, 2019 at 9:53 PM
**To:** "John M. Avondet" <javondet@beardstclair.com>, Jared Allen <allen@beardstclair.com>
**Cc:** James Ruchti <james@idaholaw.us>, Bobbye Donaldson <bobbye@h1lawgroup.com>, Jamie Zimmerman <jamie@h1lawgroup.com>
**Subject:** Re: NRCC v. Lakeview Cheese

John and Jared – Can you please forward to us the signed verification page from your client.  We would appreciate receiving the signed verification page not later than close of business on Wednesday, August 21, 2019.

Also, please let us know when you are available for a meet and confer conference to discuss the numerous deficiencies in these responses and objections.

We are generally available this Thursday and Friday, other than 12:30-2:30 p.m. MDT on Thursday.

Regards,
Eric

**Eric Hone**
Attorney
**H1 Law Group**
701 N Green Valley Parkway, Suite 200
Henderson, Nevada 89074
www.H1LawGroup.com
p.  702-608-3747  f.  702-608-3759

This message may contain information that is private or confidential.
If you have received this message in error, please notify the sender and delete this email and attachments if any.

---

**From:** "John M. Avondet" <javondet@beardstclair.com>
**Date:** Friday, August 16, 2019 at 4:49 PM
**To:** "eric@h1lawgroup.com" <eric@h1lawgroup.com>, Jared Allen <allen@beardstclair.com>
**Cc:** James Ruchti <james@idaholaw.us>, Bobbye Donaldson <bobbye@h1lawgroup.com>, Jamie Zimmerman <jamie@h1lawgroup.com>
**Subject:** Re: NRCC v. Lakeview Cheese

Eric:

Please see attached.

Best,
John

**John M. Avondet**
 | Attorney
2105 Coronado St | Idaho Falls, ID 83404
DIRECT (208) 557-5208 | MAIN (208) 523-5171



This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.