UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>v.<br><br>LAKEVIEW CHEESE COMPANY, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. 4:16-cv-00427-DCN<br><br>**SECOND AMENDED MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Nelson-Ricks Cheese Company Inc.'s ("NRCC") Motion to Quash (Dkt. 119) and Defendant Lakeview Cheese Company LLC's ("Lakeview") Motion to Compel (Dkt. 123).

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court DENIES NRCC's Motion to Quash and GRANTS Lakeview's Motion to Compel.

## II. BACKGROUND

On July 12, 2018, the Court granted summary judgment in Lakeview's favor. Dkt. 94. Contemporaneously—and in accordance with Federal Rule of Civil Procedure 58—the Court entered Judgement. Dkt. 95. Lakeview subsequently moved for its attorney's fees and costs (Dkt. 96) and on November 27, 2018, the Court granted the same (Dkt. 109).

NRCC appealed the Court's summary judgment decision and award of attorney fees. Dkts. 98, 110.

On August 21, 2019, the Ninth Circuit Court of Appeals issued its memorandum affirming the Court's granting of Summary Judgment and upholding the Court's award of attorney fees. Dkt. 118. NRCC filed a motion for rehearing which was denied. Dkt. 125.

During the same timeframe, Lakeview began to take certain anticipatory actions against NRCC. Specifically, Lakeview moved for a Writ of Execution (Dkt. 112)[1] and began post-judgment discovery in an effort to collect on the previously entered judgment. Lakeview claims it took these actions when it became aware that NRCC might be transferring or disposing of assets. NRCC denies these allegations and contends that Lakeview's discovery requests are irrelevant and burdensome and that its third-party subpoenas are inappropriate.

Pursuant to the Court's standard procedure, Lakeview brought its concerns with NRCC's actions to the Court informally. A discovery dispute conference was held on August 30, 2019. A resolution was not reached during the call. Accordingly, the parties

---

[1] The Court subsequently granted this motion. Dkt. 120.

filed the pending discovery motions.

Following the completion of briefing on the two pending motions, NRCC's counsel—the law firm of Beard St. Clair Gaffney PA—filed a Motion to Withdraw as Counsel of record in this case. Dkt. 129. Good cause appearing, the Court granted the same. Dkt. 130. Pursuant to District of Idaho Local Rule 83.4, the Court advised NRCC that as a corporation, it could not appear without representation. Dkt. 130, at 1. The Court gave NRCC 21 days from the date of service of its order to appoint another attorney. *Id.*

Beard St. Clair Gaffney dutifully filed a certificate of compliance on December 19, 2019. Dkt. 131. To date, NRCC *has not* filed any notice of appearance on its behalf.

### III. ANALYSIS

NRCC's Motion to Quash and Lakeview's Motion to Compel work in tandem, therefore, the Court will address them simultaneously.

On July 12, 2019, Lakeview served a set of interrogatories and requests for production on NRCC for the purpose of obtaining information and documents relating to NRCC's assets.[2] On July 12, 2019, and July 15, 2019, Lakeview notified NRCC that, pursuant to Federal Rule of Civil Procedure 69, it had issued subpoenas to NRCC affiliates[3] "in aid of the judgment or execution." Fed. R. Civ. P. 69(a)(2). On August 16, 2019, NRCC

---

[2] These discovery requests sought information regarding NRCC's debts, assets, bank information, and tax records.

[3] The subpoenas at issue were sent to third parties including: Fanara Greenberg Properties, LLC, Greenberg Cheese Company, Mike Greenberg, Mary Greenberg, Donald Greenberg, Big Daddy Racing, LLC, BDR Marketing, LLC, Banquet Cheese Company, Inc., and NRCC Asset Acquisition, LLC.

served its answers and responses to Lakeview's discovery requests. Lakeview found the responses grossly deficient. On August 23, 2019, NRCC filed the pending Motion to Quash the subpoenas Lakeview had issued. After the Court's informal discovery conference and NRCC's representations that it would supplement its responses and answers to Lakeview's discovery, Lakeview ultimately filed the instant Motion to Compel.

NRCC first argues that it has standing to challenge the third-party subpoenas in this case because its interest or information is at issue. Lakeview disagrees. The Court has dealt extensively with this topic—in this very case in fact. *See Nelson-Ricks Cheese Co., Inc. v. Lakeview Cheese Co., LLC*, No. 4:16-CV-00427-DCN, 2017 WL 4839375 (D. Idaho Oct. 26, 2017). Both sides are well aware of this and both quote from the Court's prior decision.

Similar to its prior holding, the Court finds that NRCC does have standing to object to the subpoenas issued at this time because its interest may be implicated. While Lakeview directed its subpoenas to persons and entities separate from NRCC and Michael Greenberg (NRCC's CEO), they are nonetheless related to NRCC because 1) they were sent to NRCC affiliates and/or Greenberg family members; and 2) they seek information concerning NRCC's financials. Thus, the Court finds NRCC has standing to object.

NRCC argues that the subpoenas are improper here because 1) an appeal is pending; 2) NRCC is the better source for the requested information; 3) the information requested is duplicative of information already sought from NRCC (through the discovery requests); and 4) the subpoenas were sent to "annoy, oppress, and/or impose an undue burden or expense." Dkt. 119, at 6. The Court finds each of NRCC's arguments unpersuasive and lacking foundation.

**SECOND AMENDED** MEMORANDUM DECISION AND ORDER - 4

As the Court held previously, "third party subpoenas are [] quite intrusive. The Court does not like to burden third parties unless absolutely necessary." *Nelson-Ricks Cheese Co., Inc.*, 2017 WL 4839375, at *3. That said, this is one of the rare circumstances where it appears necessary to burden third parties because of NRCC's actions to thwart Lakeview's lawful efforts to collect on its judgment.

First, an appeal is no longer pending and NRCC's motion for rehearing has been denied.

As for NRCC's second and third arguments, while NRCC is arguably in a better position to provide the information sought, Lakeview has already tried to go this route and failed—hence the accompanying Motion to Compel. NRCC's vague, conclusory, misleading, and boiler-plate objections are insufficient to meet its obligations under Federal Rule of Civil Procedure 26. If NRCC is unwilling to properly respond to valid post-judgment discovery request, Lakeview has little choice but to try and glean this information from other sources.

Finally, it does not appear that Lakeview is trying to harass NRCC. To the contrary, it appears that NRCC is actively trying to frustrate Lakeview's efforts to utilize proper discovery procedures to collect a valid and enforceable judgment that is due.

For example, NRCC represented it would post a bond in this case in order to suspend Lakeview's collection efforts, but never did. Dkt. 121-1, at 3. Second, NRCC is actively trying to sell its cheese factory. *Id.* at 6. Finally, it appears that certain property was or will

be transferred, sold, and/or maintained by other Greenberg-owned companies to frustrate Lakeview's discovery request.[4]

In short, it appears that NRCC is attempting to dispose of its assets or, at the very least, is playing fast and loose with Lakeview's discovery requests by shuffling assets to other Greenberg-owned LLC's.[5]

The "rules governing discovery in post judgment execution are quite permissive." *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). Moreover, the purpose of post-judgment, non-party discovery "is to determine whether the non-party has possession of property belonging to the judgment debtor." *NML Capital, Ltd. v. Republic of Argentina*, 2015 WL 1186548, at *9 (D. Nev. Mar. 16, 2015) (quoting *Aurelius Cap. Master, Ltd. v. Rep. of Argentina*, 589 F. App'x 16, 18 (2d Cir. 2014). In post judgment discovery, "the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *Caisson Corp. v. County West Bldg., Corp.*, 62 F.R.D. 331, 334 (E.D. Penn. 1974).

Lakeview is a valid creditor in this case. NRCC's failure to accurately respond to interrogatories and request for production is unwarranted. Furthermore, based on NRCC's past behavior in this case, the Court has little confidence that NRCC's responses would be

---

[4] For example, the listing for its cheese processing factory appears in NRCC's name, but public records indicate NRCC Asset Acquisition, LLC, owns the real property. Similarly, when asked specifically about this property, NRCC asserted that it "does not own the facility where it conducts its operations in Idaho." Dkt. 121-1, at 179. These "run-around" tactics frustrate the purposes of discovery and are inappropriate.

[5] During his deposition in this case, Greenberg testified that he owns multiple businesses including the entities upon which Lakeview served the subpoenas currently in dispute. Dkt. 121-1, at 9.

**<u>SECOND AMENDED</u>** MEMORANDUM DECISION AND ORDER - 6

truthful, accurate, and/or complete in the absence of discovery related to Greenberg's other businesses. Thus, the subpoenas appear necessary in order to obtain the requisite information and, accordingly, the Court will not quash the subpoenas that have been issued. Lakeview sought the information through less-intrusive means and was unsuccessful. Furthermore, it appears NRCC has moved—or has the ability to move—assets to other entities to evade specific questions from Lakeview. The Court, therefore, finds Lakeview's subpoenas appropriate under the circumstances.

In like manner, the Court will compel responses to Lakeview's Interrogatory Nos. 2, 5, 6, and 7, and Lakeview's Requests for Production Nos. 1, 7, 8, 12, 14, 16, 18, and 22. These responses will (hopefully) give Lakeview the fair opportunity to which it is entitled to collect on the judgment awarded in this case.

Finally, Lakeview asks that the Court award its costs and fees as a sanction because it had to: 1) defend against NRCC's frivolous Motion to Quash; and 2) bring its Motion to Compel. Under the circumstances, the Court finds an award appropriate.

Federal Rule of Civil Procedure 37 outlines:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

The purpose of Rule 37(a) is "to protect courts and opposing parties from delaying or harassing tactics during discovery . . . ." *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 199 (1999). Under the rule, "if a motion to quash is opposed and the moving party loses, the opposing party may seek attorney's fees and expenses unless the court is convinced that the losing party was "substantially justified" or "other circumstances" exist making such an award 'unjust.'" *Ceramic Corp. of America v. Inka Maritime Corp. Inc.*, 163 F.R.D. 584, 589 (C.D. Cal. 1995) (citing *In re Akros Installations, Inc.*, 834 F.2d 1526 (9th Cir. 1987). Here, the Court finds NRCC was not substantially justified in its behavior.

This is not the circumstance where a party went straight to third-party subpoenas without consulting the other party or trying less-intrusive means. The reason Lakeview issued these subpoenas was because NRCC failed to provide full and accurate discovery responses and engaged in tactics to hinder Lakeview's efforts. Lakeview met and conferred with NRCC. Both parties met and conferred with the Court. After all of this, NRCC still failed to appropriately and accurately comply with Rule 26.

Here, because the Court finds no basis for NRCC's Motion to Quash, an award of attorney's fees is appropriate. Additionally, Lakeview had to bring a motion to compel to get NRCC to comply with lawful and proper discovery request. Again, the Court finds no basis for NRCC's objections. *See Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1156-57 (9th Cir. 2003), *as amended on denial of reh'g* (Apr. 24, 2003) (holding that the district court did not abuse its discretion in awarding attorney's fees after determining the

party's failure to produce documents was willful and the objections were not substantially justified).

NRCC's actions here mirror its behavior throughout this case: that of frivolity, delay, and a general disrespect for the legal process. As the Ninth Circuit aptly noted: "NRCC did not have a colorable claim to begin with and pursued its litigation in an unreasonable manner." Dkt. 118, at 4.

NRCC is the party who brought this lawsuit. Now, after having lost, it must face the music. That music is judgment and Lakeview is entitled to collect. These motions all could have been avoided had NRCC been willing to adhere to notions of fair play and courtesy in litigation.

Accordingly, Lakeview is entitled to its reasonable attorney fees in both defending against NRCC's Motion to Quash and in bring its Motion to Compel. Lakeview will submit an application for fees within 21 days of the date of this order. NRCC will have 7 days to respond.[6]

Finally, the Court is unaware of whether judgment has been satisfied in this case but assumes it has not. Based on this lack of knowledge, the Court will not sua sponte require NRCC to show cause as to why it failed to appoint new counsel in this case pursuant to the Court's prior order. That said, the Court would entertain such a motion—or a motion for contempt—if NRCC fails to timely appoint counsel and/or comply with the obligations

---

[6] NRCC's response cannot challenge the validity of the award. The Court has already determined an award is appropriate. NRCC may only challenge the amount requested (i.e. the rate billed and the hours expended).

outlined in this order.

## IV. ORDER

**IT IS HEREBY ORDERED:**

1. NRCC's Motion to Quash (Dkt. 119) is DENIED.

2. Lakeview's Motion to Compel (Dkt. 123) is GRANTED. NRCC shall respond to Lakeview's outstanding discovery requests within 30 days of the date of this order.

3. Lakeview shall submit its request for fees and costs (and supporting documentation) within 21 days.

DATED: March 25, 2020

David C. Nye
Chief U.S. District Court Judge