UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>v.<br><br>LAKEVIEW CHEESE COMPANY, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. 4:16-cv-00427-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

The Court previously granted Defendant Lakeview Cheese Company LLC's ("Lakeview")[1] Motion for Order to Show Cause (Dkt. 136) in that it set a hearing and ordered Plaintiff Nelson-Ricks Cheese Company ("NRCC") to appear and explain (or "show cause") why the Court: 1) should not hold NRCC in contempt for its repeated failures to abide by the Court's orders in this case, and 2) should not adopt each of the

---

[1] Lakeview has informed the Court that on or about July 31, 2018, it amended its Articles of Organization and that as part of that process changed its name to "Chill Out Cold Storage LV, LLC." Due to the age of this case, for continuity, and to avoid any confusion, the Court will continue to refer to the Defendant as "Lakeview." Nevertheless, it goes without saying that Chill Out Cold Storage LV LLC has the same rights, interests, authority, and responsibilities as Lakeview in regard to any decisions rendered by this Court.

MEMORANDUM DECISION AND ORDER - 1

requests enumerated in Lakeview's Motion relative to post-judgment discovery. Dkt. 138, at 6.

The Court held the aforementioned hearing on July 30, 2020. Dkt. 144. NRCC failed to appear at the hearing as ordered. The Court orally granted Lakeview's Motion but indicated it would issue a written decision memorializing its holding.

In short, the Court holds NRCC in contempt for its failure to abide by numerous prior orders issued by the Court. Furthermore, the Court will impose certain sanctions as a result of NRCC's behavior and to aid Lakeview in collecting on the Court's previously ordered judgment.

## II. BACKGROUND

On July 12, 2018, the Court granted summary judgment in Lakeview's favor. Dkt. 94. Contemporaneously—and in accordance with Federal Rule of Civil Procedure 58—the Court entered Judgment. Dkt. 95. Lakeview subsequently moved for attorney's fees and costs (Dkt. 96) and on November 27, 2018, the Court granted the same (Dkt. 109).

NRCC appealed the Court's summary judgment decision and award of attorney fees. Dkts. 98, 110.

On August 21, 2019, the Ninth Circuit Court of Appeals issued its memorandum decision and order affirming the Court's granting of summary judgment and upholding the Court's award of attorney fees. Dkt. 118. NRCC filed a motion for rehearing, which the Ninth Circuit denied. Dkt. 125.

During the same timeframe, Lakeview began to take certain anticipatory actions

against NRCC. Specifically, Lakeview moved for a Writ of Execution (Dkt. 112)[2] and began post-judgment discovery in an effort to collect on the previously entered judgment. Lakeview claims it took these actions when it became aware that NRCC might be transferring or disposing of assets. NRCC denied these allegations and contended that Lakeview's post-judgment discovery requests were irrelevant, burdensome, and that its third-party subpoenas were inappropriate.

Pursuant to the Court's standard procedure, Lakeview brought its concerns regarding NRCC's actions to the Court informally. A discovery dispute conference was held on August 30, 2019. A resolution was not reached during the call. Accordingly, NRCC filed a Motion to Quash (Dkt. 119) and Lakeview filed a Motion to Compel (Dkt. 123).

Following the completion of briefing on the two pending motions, NRCC's counsel—the law firm Beard St. Clair Gaffney PA—filed a Motion to Withdraw as Counsel of Record in this case. Dkt. 129. Good cause appearing, the Court granted the same. Dkt. 130. Pursuant to District of Idaho Local Rule 83.4, the Court advised NRCC that, as a corporation, it could not appear without representation. Dkt. 130, at 1. The Court gave NRCC 21 days from the date of service of the Court's order to appoint other counsel. *Id.*

Beard St. Clair Gaffney dutifully filed a certificate of compliance on December 19, 2019. Dkt. 131. NRCC *never* filed any notice of appearance on its behalf.

---

[2] The Court subsequently granted this motion. Dkt. 120.

MEMORANDUM DECISION AND ORDER - 3

The Court subsequently issued its decision granting Lakeview's Motion to Compel and denying NRCC's Motion to Quash. Dkt. 134.

As part of that decision, the Court determined that Lakeview was entitled to the attorney fees it incurred in bringing its Motion to Compel and defending against NRCC's Motion to Quash. *Id.* at 9. The Court noted that once Lakeview filed its application for costs, NRCC would have an opportunity to challenge the amount of the fees requested but not the validity of the award itself. *Id.* at n. 6. On April 15, 2020, Lakeview appropriately filed its Motion for Attorney Fees. Dkt. 135. NRCC never responded.

Also, as part of that prior decision, the Court noted that in the likely event that NRCC continued to thwart Lakeview's efforts—and the Court's orders—it would entertain a motion for contempt or a motion for an order to show cause. *Id.* at 9–10.

On May 7, 2020, Lakeview filed a Motion for Order to Show Cause. Dkt. 136. NRCC never responded to this motion.

On June 11, 2020, the Court issued a memorandum decision and order granting Lakeview's motion for attorney fees in the amount of $21,692.00. Dkt. 138. As part of that decision, the Court granted in part and denied in part Lakeview's Motion for Order to Show Cause. Dkt. 134. Specifically, the Court found that while the requested relief was likely warranted, it would not grant the same without first ordering NRCC to appear and "show cause" why the Court *should not* hold it in contempt and enter an order granting all of Lakeview's requests. Dkt. 138, at 5-7; Dkt. 139 (as amended Dkt. 141). The Court set the show cause hearing for July 30, 2020. Dkt. 141. NRCC failed to appear at the hearing as ordered.

MEMORANDUM DECISION AND ORDER - 4

### III. LEGAL STANDARD

#### A. CONTEMPT

Federal courts have inherent contempt power, the purpose of which "is to coerce compliance with a court order or to compensate another party for the harm caused by the contemnor." *Kelly v. Wengler*, 979 F. Supp. 2d 1104, 1108 (D. Idaho 2013), *aff'd*, 822 F.3d 1085 (9th Cir. 2016); *see also Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) ("Civil contempt is characterized by the court's desire to compel obedience to a court order . . . .").

"A court has wide latitude in determining whether there has been contemptuous defiance of its order." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984). "Failure to comply consists of not taking 'all the reasonable steps within [one's] power to [e]nsure compliance with the order.'" *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466 (9th Cir. 1989) (quoting *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir. 1976)).

Federal courts have "broad equitable power to order appropriate relief in civil contempt proceedings." *SEC v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003). When considering what sanction to implement, the court should consider "the character and magnitude of the harm threatened by continued contumacy . . . ." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947).

#### B. SANCTIONS

Rule 37 provides that "if a party . . . fails to obey an order to provide or permit discovery . . . , the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2). Such an order may include any of the following remedies:

MEMORANDUM DECISION AND ORDER - 5

      i.      directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
      ii.     prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
      iii.    striking pleadings in whole or in part;
      iv.    staying further proceedings until the order is obeyed;
      v.     dismissing the action or proceeding in whole or in part;
      vi.    rendering a default judgment against the disobedient party; or
      vii.   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.*

The Court has broad discretion in determining the appropriate sanction for a violation of its orders. *See Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982) ("The district court is afforded great latitude in imposing sanctions under Rule 37 . . . ."); *see also Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 975 (9th Cir. 2017) ("We have recognized that this rule provides a wide range of sanctions for a party's failure to comply with court discovery orders." (internal quotations omitted)).

"Rule 37(b)(2) contains two standards—one general and one specific—that limit a district court's discretion. First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

### IV. ANALYSIS

Pursuant to its inherit authority, the Court holds NRCC in contempt for failing to comply with its prior orders. Then, under Federal Rule of Civil Procedure 37, the Court

will impose sanctions against NRCC to rectify those failures, compensate Lakeview, and keep this case moving forward.

Here, NRCC continues to thwart Lakeview's lawful efforts to collect on its valid judgment and continues to defy this Court's various decisions ordering NRCC to do just that. Lakeview served written discovery on NRCC on July 12, 2019. NRCC responded; however, the responses were vague, misleading, and/or otherwise deficient. After informal avenues failed to remedy Lakeview's concerns, Lakeview filed a motion to compel. Dkt. 123. The Court ultimately granted Lakeview's motion and ordered NRCC to provide complete and accurate answers to Lakeview's discovery requests by April 24, 2020. Dkt. 134, at 10. NRCC has *never* responded to Lakeview's requests and leaves the Court with little choice.

In light of NRCC's noncompliance with the Court's March 25, 2020 Memorandum Decision and Order (Dkt. 134) compelling NRCC to respond to Lakeview's discovery requests, contempt is appropriate in this case.[3]

The Court next addresses what type of sanctions are warranted to remedy the injuries Lakeview's suffered as a result of NRCC's non-compliance and contempt.

As a sanction in this case, Lakeview asks that the Court:

(1) hold NRCC in contempt; (2) direct NRCC to pay the reasonable expenses, including attorney's fees, caused by NRCC's failure to comply; (3) direct

---

[3] Additionally, after NRCC's counsel of record withdrew its representation, the Court ordered NRCC to appoint new counsel pursuant to District of Idaho Local Civil Rule 83.6(c)(4). Dkt. 130. The Court gave NRCC 21 days. NRCC failed to comply. This ongoing failure—continuing since January 9, 2020, to the present—is another Court order NRCC has failed to comply with and is an additional reason contempt is appropriate in this case.

that the matters embraced in the outstanding discovery requests and other designated facts regarding the abuse of NRCC's corporate form be taken as established for the purposes of this action; (4) prohibit NRCC and the Greenberg Parties from opposing [Lakeview's] collection efforts against its alter egos or introducing evidence regarding same; (5) issue a writ of execution against the assets of the Greenberg Parties; (6) appoint a receiver over NRCC; and (7) award any other relief that this Court deems equitable and just.

Dkt. 136, at 2–3.

As the Court has now stated many times in various decisions in this case, NRCC's behavior during the pendency of this litigation has been inappropriate and unwarranted. NRCC brought this suit to bully, harass, and otherwise inconvenience Lakeview. The Court ultimately granted summary judgment and determined Lakeview was entitled to all its legal fees and costs. The Ninth Circuit affirmed this Court in all respects.[4] The bottom line is that NRCC was—and continues to be—wrong in many respects. NRCC must comply with the Court's orders and respond to Lakeview's discovery. It has been over one year since Lakeview served discovery on NRCC in an effort to collect its lawfully obtained fees and close this chapter of this frivolous lawsuit.

The Court has reviewed Lakeview's requests and finds each appropriate. While the requests are somewhat intrusive, this lawsuit is, plainly put, to that point. The Court has no reason to believe that NRCC will comply with the Court's orders—or Lakeview's discovery request—absent such measures. These sanctions and strict parameters will bring

---

[4] *See generally Nelson-Ricks Cheese Co. v. Lakeview Cheese Co.*, 775 F. App'x 350 (9th Cir. 2019).

this case to an appropriate resolution.

## V. CONCLUSION

The Court finds NRCC in contempt of court for failure to comply with the Court's prior decision regarding discovery (Dkt. 134) and the Court's prior decision regarding the appointment of Counsel (Dkt. 130), and orders the following as sanctions:

1) NRCC shall pay the reasonable expenses incurred by Lakeview as a result of its failure to comply;[5]

2) Based on NRCC's failure to respond to Lakeview's discovery requests, the facts and evidence sought in said outstanding discovery requests are deemed admitted;

3) NRCC and/or any "Greenberg party"[6] *shall not* oppose, obstruct, or otherwise delay Lakeview's collection efforts;

4) The Court will issue a writ of execution against the assets of the Greenberg

---

[5] The Court has already awarded Lakeview $21,692.00 in attorney fees for having to defend against NRCC's unwarranted discovery tactics. NRCC will be ordered to cover any and all costs associated with the ongoing discovery in this case (including attorney fees) until final payment has been tendered.

[6] As the Court previously noted, it appears Mike Greenberg—NRCC's CEO—has been, or will, move assets from NRCC to other limited liability companies he owns in an effort to thwart Lakeview's efforts. For this reason, Lakeview has served third party subpoenas on Greenberg's other businesses. These businesses are owned or affiliated with Greenberg, Greenberg family members, and/or NRCC and have knowledge regarding NRCC's financials and assets. The Court has already determined these subpoenas are necessary. Dkt. 134, at 7. Pursuant to Federal Rule of Civil Procedure 69(a), the Court will allow Lakeview to "pierce the corporate veil" between these companies in aid of execution of judgment.

parties.[7]

Lakeview's last request sought an order from the Court appointing a receiver over NRCC and its assets. At oral argument, however, Lakeview noted that this request *might* be a waste of time in light of the fact that NRCC appears to have transferred most, if not all, of its assets to the various other companies referenced above. Accordingly, the Court withholds issuing such a sanction at this time. Once Lakeview has had a chance—via the other sanctions imposed today—to ascertain the whereabouts of NRCC's assets, it can renew its request that the Court appoint a receiver—should it deem such a request necessary and appropriate.

Finally, the Court warns NRCC that continued failure to abide by its orders *may* result in additional monetary sanctions payable to the Court itself (on top of any sanctions imposed on behalf of Lakeview). These further sanctions will be levied against NRCC to ensure the integrity of the legal process and promote respect for the judicial system and this Court. *See United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999) (outlining that one type of civil contempt sanction "is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order" (internal quotations and citations omitted)). NRCC's blatant, ongoing, and open disregard for the Court's orders is, frankly, rare and an insult to the Court and its mandate to "secure the just, speedy, and inexpensive

---

[7] The Court has previously issued a writ of execution for the monetary damages in this case. Dkt. 122. Lakeview shall submit a proposed order to the Court for this writ of execution within 21 days of the date of this order. Once received, the Court will issue the order to the United States' Marshal Service for execution.

determination of every action and proceeding." Fed. R. Civ. P. 1. The Court has been patient with NRCC for four years. The Court's patience, however, has grown thin and ultimately run out. Resolution is appropriate in this case. Compliance is required.

## VI. ORDER

IT IS SO ORDERED:

1. Lakeview's Motion (Dkt. 136) is GRANTED as outlined above. NRCC, Mike Greenberg, and the associated Greenberg business entities shall strictly observe the Court's orders above and shall comply with Lakeview's post-judgment discovery collection efforts or face further sanctions including, but not limited to, Lakeview's ongoing attorney fees.

DATED: September 23, 2020

David C. Nye
Chief U.S. District Court Judge