IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation, | ) ) | Case No. 4:16-cv-00427-DCN |
| | ) | |
| | ) | **WRIT OF EXECUTION TO THE** |
| Plaintiff, | ) | **UNITED STATES MARSHAL** |
| v. | ) | |
| | ) | |
| LAKEVIEW CHEESE COMPANY, LLC, a Nevada limited liability company, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

| **Name and Address of Judgment Creditor** | Amount of first Judgment[1]: $292,270.91 |
|---|---|
| Lakeview Cheese Company, LLC c/o H1 Law Group 701 North Green Valley Pkwy, #200 Henderson, NV 89074 | Amount of second Judgment[2]: $21,692.00 <br> Total Judgments plus interest through October 19, 2020[3]: **$329,168.43** |

| v. | |
|---|---|

| **Name and Address of Judgment Debtor** | |
|---|---|
| Nelson-Ricks Cheese Company, Inc., and NRCC Asset Acquisition, LLC[4] (as its alter ego) c/o Registered Agent – Action Services, LLC 725 S.W. Higgins Ave. Suite C Missoula, Montana 59806 | |

**TO THE UNITED STATES MARSHAL FOR THE DISTRICT OF IDAHO:**
You are directed to levy upon the property of the above-named judgment debtor to satisfy a money judgment in accordance with the attached instructions.

---

[1] Judgment entered as of November 27, 2018, and modified in form only on June 28, 2019 (*See* Amended Judgment at n.1), is attached here as Exhibit B.

[2] Judgment entered as of June 11, 2020, is attached here as Exhibit C.

[3] *See* Exhibit A for detailed judgment dates, amounts, and interest calculations through October 19, 2020.

[4] By way of a Memorandum Decision and Order on September 23, 2020, Dkt. 145, this Court ordered that Mike Greenberg, associated Greenberg business entities including NRCC Asset Acquisition, LLC, Banquet Cheese Company, Inc., Greenberg Cheese Company, BDR Marketing, LLC, Big Daddy Racing, LLC, and Fanara Greenberg Properties, LLC, and associated Greenberg family members and company principals Mary Greenberg and Donald Greenberg, shall be considered the alter egos of Nelson-Ricks Cheese Company, Inc., that the corporate veil shall be pierced, and that writs of execution shall issue to these companies and persons in aid of execution of judgment.

**TO THE JUDGMENT DEBTOR:**

You are notified that federal and state exemptions may be available to you and that you have a right to seek a court order releasing as exempt any property specified in the marshal's schedule from the levy.

DATED this 21st day of October 2020.

_____
Chief District Court Judge

# EXHIBIT A

**EXHIBIT A**

Interest Calculation Detail on Judgments

*First Judgment* – November 27, 2018 (attached as Exhibit B)

| | | |
|---|---|---|
| 11/27/2018 | Principle | $292,270.91 |
| | Interest[1] | 2.67% |
| | Daily Interest | $21.68 |
| 11/27/2019 | Principle | $300,182.93[2] |
| | Interest | 2.67% |
| | Daily Interest | $22.26 |
| 10/19/2020 | Interest since 11/27/2019[3] | $7,280.19 |
| | **Current Principle + Interest** | **$307,463.11** |

*Second Judgment* – June 11, 2020 (attached as Exhibit C)

| | | |
|---|---|---|
| 6/11/2020 | Principle | $21,692.00 |
| | Interest[4] | 0.17% |
| | Daily Interest | $0.10 |
| 10/19/2020 | Interest since 6/11/2020[5] | $13.32 |
| | **Current Principle + Interest** | **$21,705.32** |

**Total Principal and Interest as of October 11, 2020:**   **$329,168.43**

---

[1] Applicable 1 Year Treasury Constant Maturity Rate applicable to first judgment is 2.67%, *See* Dkt. 109, at 16; *see also* https://fred.stlouisfed.org/series/DGS1 for the 1 Year Treasury Constant Maturity Rate historical graph.

[2] Interest is to be compounded annually. 28 U.S.C. § 1961(b) ("[i]nterest shall be computed daily to the date of payment … and shall be compounded annually").  Interest at the rate of $21.6767 per day, for 365 days equals $7,912.02 increasing the principle amount to $300,182.93.

[3] Interest of $22.26.2635 for 308 days equals $7,280.19.

[4] Applicable 1 Year Treasury Constant Maturity Rate applicable to second judgment is 0.17%, *See* Dkt. 138, at 7; *see also* https://fred.stlouisfed.org/series/DGS1 for the 1 Year Treasury Constant Maturity Rate historical graph.

[5] Interest of $0.1024 for 130 days equals $13.32.

# EXHIBIT B

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>v.<br><br>LAKEVIEW CHEESE COMPANY, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. 4:16-cv-00427-DCN<br><br>**AMENDED JUDGMENT** |

**NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the prior judgment entered in favor of the Defendant (Dkt. 95) is

amended[1] to include costs and fees as determined by the Court (Dkt. 109), resulting in a

total judgment amount of $292,270.91. Interest to accrue at the legal rate until satisfied.

DATED: June 28, 2019

David C. Nye
U.S. District Court Judge

---

[1] This Amended Judgment does not substantively change any actions previously taken in this case or alter any existing time requirements on appeal. The Court's sole purpose here is to clarify and complete the record by including attorney fees and costs—that it already awarded—in the Judgment.

**AMENDED JUDGMENT - 1**

# EXHIBIT C

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NELSON-RICKS CHEESE COMPANY, INC., an Idaho corporation,<br><br><br>Plaintiff,<br><br>v.<br><br>LAKEVIEW CHEESE COMPANY, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. 4:16-cv-00427-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Lakeview Cheese Company LLC's ("Lakeview")[1] Motion for Attorney Fees (Dkt. 135) and Motion for Order to Show Cause (Dkt. 136).

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will decide the motions without oral argument. Dist. Idaho Loc. Civ.

---

[1] Lakeview has informed the Court that on or about July 31, 2018, it amended its Articles of Organization and that as part of that process it changed its name to "Chill Out Cold Storage LV, LLC." For continuity, and to avoid any confusion, the Court will continue to refer to the Defendant in this case as Lakeview. Nevertheless, it goes without saying that Chill Out Cold Storage LV LLC has the same rights, interests, authority, and responsibilities as Lakeview in regard to any decisions rendered by this Court.

MEMORANDUM DECISION AND ORDER - 1

R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS both motions.

## II. BACKGROUND

On July 12, 2018, the Court granted summary judgment in Lakeview's favor. Dkt. 94. Contemporaneously—and in accordance with Federal Rule of Civil Procedure 58—the Court entered Judgment. Dkt. 95. Lakeview subsequently moved for attorney's fees and costs (Dkt. 96) and on November 27, 2018, the Court granted the same (Dkt. 109).

NRCC appealed the Court's summary judgment decision and award of attorney fees. Dkts. 98, 110.

On August 21, 2019, the Ninth Circuit Court of Appeals issued its memorandum affirming the Court's granting of summary judgment and upholding the Court's award of attorney fees. Dkt. 118. NRCC filed a motion for rehearing, which the Ninth Circuit denied. Dkt. 125.

During the same timeframe, Lakeview began to take certain anticipatory actions against NRCC. Specifically, Lakeview moved for a Writ of Execution (Dkt. 112)[2] and began post-judgment discovery in an effort to collect on the previously entered judgment. Lakeview claims it took these actions when it became aware that NRCC might be transferring or disposing of assets. NRCC denies these allegations and contends that Lakeview's post-judgment discovery requests were irrelevant and burdensome and,

---

[2] The Court subsequently granted this motion. Dkt. 120.

further, that its third-party subpoenas were inappropriate.

Pursuant to the Court's standard procedure, Lakeview brought its concerns regarding NRCC's actions to the Court informally. A discovery dispute conference was held on August 30, 2019. A resolution was not reached during the call. Accordingly, NRCC filed a Motion to Quash (Dkt. 119) and Lakeview filed a Motion to Compel (Dkt. 123).

Following the completion of briefing on the two pending motions, NRCC's counsel—the law firm of Beard St. Clair Gaffney PA—filed a Motion to Withdraw as Counsel of Record in this case. Dkt. 129. Good cause appearing, the Court granted the same. Dkt. 130. Pursuant to District of Idaho Local Rule 83.4, the Court advised NRCC that, as a corporation, it could not appear without representation. Dkt. 130, at 1. The Court gave NRCC 21 days from the date of service of the Court's order to appoint other counsel. *Id.*

Beard St. Clair Gaffney dutifully filed a certificate of compliance on December 19, 2019. Dkt. 131. NRCC *never* filed any notice of appearance on its behalf.

The Court subsequently issued its decision granting Lakeview's Motion to Compel and denying NRCC's Motion to Quash. Dkt. 134.

As part of that decision, the Court determined that Lakeview was entitled to the attorney fees it incurred in bringing its Motion to Compel and defending against NRCC's Motion to Quash. *Id.* at 9. The Court noted that once Lakeview filed its application for costs, NRCC would have an opportunity to challenge the amount of the fees requested but not the validity of the award itself. *Id.* at n. 6. On April 15, 2020, Lakeview appropriately filed its Motion for Attorney Fees. Dkt. 135. NRCC never responded.

MEMORANDUM DECISION AND ORDER - 3

Also as part of its prior decision, the Court noted that in the likely event that NRCC continued to thwart Lakeview's efforts—and the Court's orders—it would entertain a motion for contempt or a motion for an order to show cause. *Id.* at 9–10.

On May 7, 2020, Lakeview filed the pending Motion for Order to Show Cause. Dkt. 136. NRCC never responded to this motion either.

## III. ANALYSIS

### A. Attorney Fees

As noted, the Court has already determined that an award of attorney fees is appropriate in this case as it relates to the prior discovery motions. Dkt. 134, at 9. Additionally, insofar as NRCC failed to respond to Lakeview's motion challenging either the rate billed or the hours expended, the Court can address this motion in short order.

Critically, the Court has already awarded attorney fees in this case on numerous occasions. *See* Dkts. 87, 109. It has previously approved rates similar (or identical) to the rates requested here and for many of the same attorneys at issue. The Court's prior analysis related to the requested rates stands.

The Court has likewise reviewed Lakeview's records (Dkt. 135-2, at 2-29) and finds that the hours billed were appropriate for the work done and that the work done was necessarily incurred in support of the prior motions. Accordingly, the Court GRANTS Lakeview's request and awards it attorney fees in the amount of $21,692.00.

### B. Order to Show Cause

NRCC continues to thwart Lakeview's legal and lawful efforts to collect on its valid judgment and continues to defy this Court's orders. The Court and Counsel have tried to

MEMORANDUM DECISION AND ORDER - 4

resolve the issues informally, through motion practices and written orders, but to no avail. NRCC leaves the Court will little choice.

Pursuant to Federal Rule of Civil Procedure 37, this Court has the authority to sanction NRCC for its failure to comply with the Court's prior order (Dkt. 134). Rule 37(b)(2) provides that "if a party . . . fails to obey an order to provide or permit discovery . . . , the court where the action is pending may issue further just orders." Such an order may include any of the following remedies:

i.      directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
ii.     prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
iii.    striking pleadings in whole or in part;
iv.     staying further proceedings until the order is obeyed;
v.      dismissing the action or proceeding in whole or in part;
vi.     rendering a default judgment against the disobedient party; or
vii.    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2).

The Court has broad discretion in determining the appropriate sanction for a violation of its orders. *See Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982) ("The district court is afforded great latitude in imposing sanctions under Rule 37 . . . ."); *See also, Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 975 (9th Cir. 2017) ("We have recognized that this rule provides a wide range of sanctions for a party's failure to comply with court discovery orders.").

"Rule 37(b)(2) contains two standards—one general and one specific—that limit a

MEMORANDUM DECISION AND ORDER - 5

district court's discretion. First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

> As a sanction in this case, Lakeview asks that the Court:
>
> (1) hold NRCC in contempt; (2) direct NRCC to pay the reasonable expenses, including attorney's fees, caused by NRCC's failure to comply; (3) direct that the matters embraced in the outstanding discovery requests and other designated facts regarding the abuse of NRCC's corporate form be taken as established for the purposes of this action; (4) prohibit NRCC and the Greenberg Parties from opposing Chill Out's collection efforts against its alter egos or introducing evidence regarding same; (5) issue a writ of execution against the assets of the Greenberg Parties; (6) appoint a receiver over NRCC; and (7) award any other relief that this Court deems equitable and just.

Dkt. 136, at 2–3. The Court has reviewed Lakeview's requests and finds that—based on NRCC's behavior during this litigation over the past four years—some, if not all, of the requests are appropriate in this case. However, it will not make such a determination at this time without giving NRCC a final opportunity to appear and oppose the request.

In this case, there is a judgment creditor (Lakeview) who seeks to recover fees owed. The judgment debtor (NRCC) has failed repeatedly to comply with less-intrusive requests, failed to abide by the Court's orders, and failed to respond to any of the pending motions. Accordingly, the Court will issue an order to show cause requiring that NRCC appear and explain why the Court should not adopt each of

MEMORANDUM DECISION AND ORDER - 6

Lakeview's requests for relief.[3]

## IV. ORDER

### IT IS HEREBY ORDERED:

1. Lakeview's Motion for Attorney Fees (Dkt. 135) is GRANTED.

2. The Court hereby awards Lakeview attorney fees in the amount of $21,692.00.

3. NRCC has 30 days from the date of this order to tender the fees awarded.

4. Lakeview's Motion for Order to Show Cause (Dkt. 136) is GRANTED in PART to the extent the Court will issue an order to show cause and hold a hearing on the same. The Court will issue a separate order concurrently herewith.

5. The Court will hold a hearing on Lakeview's Motion (Dkt. 136) on August 5, 2020, at 3:00 p.m. in Pocatello, Idaho. NRCC will be ordered to appear in person. Failure to do so will result in sanctions.

6. Lakeview shall serve this order and the order to show cause on NRCC as soon as reasonable possible and file a certificate of service once complete.

DATED: June 11, 2020

David C. Nye
Chief U.S. District Court Judge

---

[3] To be clear, Lakeview's motion is granted to the extent that the Court is issuing an order to show cause, however, the Court is not affirmatively ruling on the underlying requests at this time.